CHARLES GILLMORE V. THE STATE.

On the trial of felonies, it is the duty of the court to instruct the jury as
to the law applicable to the facts of the case, but the law has, as a gen-
eral thing: left it to the sound discretion of the court to determine the
character, and particularly the extent of the charge to be given ; and
the mere omission by the court to give instructions on any particular
point is not error. The party must ask the particular instructions, and
then, if refused, he can assign the refusal as error.

APPEAL from Atascosa. Tried below before the Hon. Daniel
D. Claiborne.

There is no occasion for a statement of the facts.

No brief for the appellant has reached the hands of the
reporter.

*Wm. Alexander, Attorney-General,* for the State.

OGDEN, J. It is the duty of the court, on the trial of all
cases of felony, to instruct the jury as to the law applicable to
the facts of the case before them ; but this duty must of neces-
sity be exercised and performed in a great decree according to
the best judgment and sound discretion of the court. It can-
not be expected that a court in a simple charge to a jury, will
attempt to instruct them in every branch or principle of law
which might be applied to any particular case, or state of facts.
But it is rather the duty of the court, in its discretion, to so
charge the jury in regard to the law of a case, that they may
thereby be aided in forming a correct legal and just verdict. If
the court should charge a jury erroneously, that error would be
corrected on an appeal ; but the law has, as a general thing,
left it to the sound discretion of the court to determine the
character, and particularly the extent of the charge to be given.
And therefore, in O'Connell *v.* The State, 18 Texas, 363, this
court said : "But it must be observed that the mere omission

Opinion of the Court.

" to give instructions is not error.   The court is not bound in
" any case to give instructions not asked for by the party.   If
" the charge of the court was not satisfactory, it was the right
" of the defendant or his counsel to ask such instructions as he
" thought proper, and if he omitted to ask particular instruc-
" tions, he cannot assign as error the omission of the court to
" give them."   This authority most effectually disposes of appel-
lant's second and third assignments, as upon the trial he asked
no instructions, and now complains of the omission of the court
to give instructions not asked or even suggested.

The fourth assignment is too general to require special notice,
particularly as we have been unable to discover any error in that
portion of the charge indicated, of which the defendant had a
right to complain, or which could have misled the jury into
finding the verdict they did.   Neither are we willing to say that
the verdict of the jury was contrary to the evidence.   The evi-
dence shows most clearly that there was a deadly enmity be-
tween the defendant and deceased.   They were, on the fatal
occasion, both armed apparently for a deadly conflict, and the
defendant commenced the difficulty by rudely and threateningly
accosting the deceased, while passing his house in a way to
avoid a conflict, and then both advanced toward each other,
with the evident intent of slaying his adversary.

The evidence establishes the fact that either party might very
well have avoided the difficulty in which the deceased was
killed, without danger or disgrace ; and in view of all the facts
of the case, the jury came to the conclusion that the defendant
was guilty of murder in the second degree, and we are not pre-
pared to say that their verdict was unsupported by the evidence.
And for the reasons here given, we are of the opinion that the
court did not err in overruling defendant's motion for a new
trial.

We are unable to discover any error for which the judgment
should be reversed, and it is therefore affirmed.

                                        Affirmed.