## JAMES ELLISTON *v.* THE STATE.

1. CHARGE OF THE COURT.— It is made the imperative duty of the court in felony cases, to charge the law and all of the law applicable to every conclusion which may be legitimately deduced from the evidence.

2. SAME.— Though it was the duty of the accused to ask an appropriate instruction, his failure to do so will not preclude a reversal by this

court when it appears that the omitted instruction was law applicable to some of the facts in proof, and that its omission was prejudicial to the rights of the accused.

3. Same — Negligent Homicide. — See the opinion and the facts for a state of proof which in a trial for murder makes the law of negligent homicide a part of the law applicable to the case.

4. Murder in the Second Degree. — A conviction for murder in the second degree will not be set aside because the proof tended to show that the killing was upon express malice aforethought.

Appeal from the District Court of Tarrant. Tried below before the Hon. A. J. Hood.

The indictment charged the murder of David Boaz. The appellant was found guilty of murder in the second degree, and his punishment assessed at confinement in the penitentiary for the term of five years.

The opinion discloses the material facts.

*E. Hovenkamp* and *H. M. Furman,* for the appellant. The third assignment of error complains of the action of the court in not charging the law of negligent homicide. No matter how vague the evidence tending to establish this conclusion may have been, nor how improbable it might have been that the jury would make that deduction, yet, if it was a possible legitimate deduction, the court should not have withdrawn that issue from their consideration by failing to include it in his charge, and this omission will not pass unnoticed, even though no instruction be asked on that point. *Smith* v. *State,* 7 Texas Ct. App. 383, and authorities there cited. The failure of the court to give charge upon this issue withdrew it from the consideration of the jury, and if there was any evidence, "no matter how vague," tending to establish this conclusion, the charge should have been given, whether asked or not. We respectfully submit that the failure of the court to give instructions applicable to every legiti-

mate deduction that may be drawn from the evidence, is, and of necessity must be, calculated to injure the rights of the defendant, and is error, whether or not excepted to, or additional instructions asked. *Vincent* v. *State*, 9 Texas Ct. App. 303; also art. 677, Code Crim. Proc., which makes it the duty of the court to "distinctly set forth the law applicable to the case," "whether asked or not." Can it be said that the court has "distinctly set forth the law applicable to the case," when the charge entirely ignores a deduction that may be legitimately drawn from the evidence? We respectfully submit not.

*H. Chilton*, Assistant Attorney General, for the State.

Winkler, J. The appellant was tried and convicted of murder in the second degree, and his punishment assessed at seven years' confinement in the State penitentiary, on an indictment charging him with the murder of one David Boaz, averred to have been committed in the county of Tarrant on December 29, 1880.

It is shown by the testimony, as set out in the statement of facts, that on the night of the homicide the defendant and others were engaged in playing cards in a room of an unoccupied house which stands near a drinking saloon belonging to the deceased; that, during the time the parties were thus engaged, the defendant went from the room where the card-playing was going on into the drinking saloon, for the purpose of procuring spirits, whiskey it seems, for himself and the other players, and returned with the whiskey, and soon afterwards went out for firewood to replenish the fire in the room occupied by the players, returned with the firewood, and the game was continued for a time,—the defendant participating in the game. In the mean time the deceased, who it seems was about the saloon, disappeared, and a brother of his, who seems to have been attending in the saloon,

becoming uneasy on his account, the deceased being at
the time nearly blind, and fearing, as he says, that he
had got lost, went in search of him; he went to a window
in the room where the card players were and inquired for
him and was informed that he was not there. Pursuing
the search, the brother went to a privy some thirty or
forty feet in rear of the other buildings mentioned, where
he found the deceased lying on the ground, dead.' It was
ascertained that the clothes of the deceased indicated that
he had been to stool; his pants were down. On exami-
nation it was ascertained that he had been shot, the ball
entering the left side of the chest near the collar bone,
and coming out on the right side of the back in the region
of the lower ribs. This shot, witness says, caused the
death of the deceased.

It is not necessary to trace the evidence through a
chain of circumstances by which the prosecution sought
to fasten the homicide upon the defendant; suffice it to
say that the testimony was entirely circumstantial. It
was proved that the defendant had a pistol, but no wit-
ness saw him discharge it; no one saw the deceased shot,
or knew it had been done until his dead body was found
at the privy as stated above. There was proof that a
shot was heard in the vicinity about the time the defend-
ant was going for the whiskey or the firewood, but no
witness seems to have known who fired it. Before the
body was found the defendant had retired, and did not
return to the body after the finding and alarm, though
the male citizens of the village generally went to the place
on that night after the body had been found. There was
proof that it was not unusual to hear pistol-shooting about
the village at night, though there was no proof that more
than one shot was heard on the night of the killing.
There seems to have been an effort on the part of the
prosecution to show motive actuating the defendant to
do the deed, and there was some evidence of a former

disagreement between the deceased and the defendant; but the evidence tends to show that this had passed away. and that the parties were together and apparently friendly on the day on which the killing occurred at night.

The judge who presided at the trial below in his charge gave to the jury the statutory definition of murder, and the distinguishing features by which murder is distinguished from every other species of homicide, substantially as laid down in the Code. He instructed the jury as to murder of the first degree and of the second degree, and express and implied malice, and gave an appropriate instruction on the rules of law governing a case when a conviction depends alone upon circumstantial testimony. But he gave the jury no instruction on the subject of negligent homicide. It is urged on behalf of the appellant that the failure of the court to charge on negligent homicide was an error prejudicial to the rights of the defendant. Acting on this idea the defendant made the following one of the grounds of his motion for a new trial, to wit: "Because the court erred in not charging the jury on the law of negligent homicide;" and, among other things, it is assigned as error that the court erred in not charging the law of negligent homicide.

A plain direction of the Code of Procedure is that in all cases of felony it is required of the judge presiding to instruct the jury charged with the case, in writing, and in this written charge he is required to distinctly set forth the law applicable to the particular case then on trial. This demand of the law is imperative. The language of the Code is, "This charge shall be given in all cases of felony, whether asked or not." Code Crim. Proc. art. 677. It is the province and duty of the judge to determine from the evidence what questions arise concerning which the jury should be instructed. The subjects upon which the jury should be charged are determinable by the evidence as developed on the trial,— by the testimony ad-

duced on the particular trial. The provisions of the article of the Code above referred to which requires the court *to distinctly set forth the law applicable to the case* has been uniformly construed to require of the judge to give to the jury such instructions as are applicable to every legitimate deduction which may be drawn from the facts in evidence. When this has been done in appropriate language, adapted to the comprehension of the jury, and the charge at the same time abstains from trenching on the peculiar province of the jury in determining what facts have been proved,— in other words, if the charge is not upon the weight of the evidence and does not sum up the testimony,— in such a case the demands of the law are said to be satisfied. Whilst this position must be regarded as settled law, the converse of the proposition is believed to be equally as well settled, that, when the court has failed to give the jury appropriate instructions upon every legitimate deduction the jury may draw from the facts, in such a case the court has failed to charge the law and *all* the law applicable to the case. (See numerous adjudicated cases cited in Clark's Crim. Law, p. 515, note 204.)

It seems to have been held, prior to the adoption of the Texas Codes, that the mere omission on the part of the judge to give full instructions, even in a felony case, was not such an error as would warrant a reversal on appeal, and there are cases decided even since the adoption of the Codes which tend in the same direction. *O'Connel* v. *State*, 18 Texas, 343; *Greenwood* v. *State*, 35 Texas, 587; *Gilman* v. *State*, 36 Texas, 334. But the law is now well settled to the contrary, and requires that in all felony cases the court must charge the law and all the law applicable to the case.

It is not our intention to express any opinion as to what the evidence tends to prove, or fails to prove, nor do we express any opinion as to what the verdict would have

been had the court given the omitted instruction. We are of opinion, however, that from the peculiar circumstances attending the trial, as developed by the testimony, that the question of negligent homicide fairly and naturally arose out of the testimony adduced, to an extent sufficient to require of the court a suitable instruction on that grade of offense. Counsel for the defendant should have requested the court to give the jury an appropriate charge on the subject at the time of the trial. His failure to do so, however, does not entirely deprive the defendant of the benefit of the defect in the charge.

The attention of the court having been first called to the omission in the charge of the court, in the motion for a new trial, it became necessary, in order to warrant a reversal of the judgment, not only to determine that there was a failure to charge the entire law applicable to the case, but also that such failure was prejudicial to the rights of the defendant. *Bishop* v. *State*, 43 Texas, 390.

Upon the whole case as presented in the record before us, we are of opinion that the court should have submitted to the jury for their determination not only the question whether the defendant took the life of the deceased, but also the further question,— the first being answered in the affirmative,— whether or not the killing was done with malice or not, or, what amounts to the same thing, whether the killing was the result of negligence on the part of the defendant. We are of opinion that the omission of the court to submit the issue of negligent homicide to the jury was an error prejudicial to the rights of the defendant, and that because of this error the judgment should be reversed and the case remanded for a new trial.

It is urged in behalf of the defendant that the court erred in its charge in defining implied malice, the objection being to the effect that the charge virtually instructed the jury that what is denominated express malice would

support a conviction for murder in the second degree. In response to this argument we only deem it necessary to say that in our opinion the objection, if true, would not be an error of which the defendant can be heard to complain. If the proof shows a killing upon malice aforethought, a conviction of murder in the second degree should not be set aside on the ground that there was proof of express malice, and tending to establish murder in the first degree.

Because of error in the charge of the court, as set out above, the judgment will be reversed and the case remanded.

*Reversed and remanded.*