## TOM LARGIN v. THE STATE.

### No. 1199.   Decided April 28th, 1897.

**Local Option—Impeachment by the State of Her Own Witness.**

On a trial for violation of local option, where the State's witness had testified to no damaging fact, but simply failed to testify that he had paid for the beer, which it was alleged defendant sold him. Held: It was error for the court to permit the State, over defendant's objection, to prove by other witnesses, that the witness had said he had paid 25 cents for it. This was hearsay; it was not admissible for the purpose of impeaching the State's witness; it was not admissible as original evidence to supply a failure of the State's witness to testify to said fact, and the witness being the only witness for the State as to the transaction there was no object to be accomplished by impeaching him.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE, County Judge.

Appeal from a conviction for violating local option; penalty, a fine of $25 and twenty days' imprisonment in the county jail.

The opinion states the case.

*Sam D. Stinson* and *T. E. Byrd*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State

DAVIDSON, JUDGE.—Appellant was convicted of selling intoxicating liquors to Frank Shields, in violation of the local option law, and his punishment assessed at a fine of $25, and twenty days' imprisonment in the county jail; hence this appeal. Over appellant's objection, the State was permitted to prove by R. M. Patton, a deputy sheriff, that after discovering the fact that Shields was getting some beer from the appellant, he took Shields into another part of the same building, and asked him if he had paid for that bottle of beer. Shields said, "Yes, I paid twenty-five cents for it." The witness then took Shields before the County Attorney, where he stated to the County Attorney, in the presence of witness, that he paid 25 cents for the beer. The State also, over the objection of appellant, proved by the witness, Dial, that he was present in the County Attorney's office, and heard Shields state, as testified by Patton, that he had paid 25 cents for the bottle of beer. Several grounds of objection were urged to the admission of this testimony. The testimony was hearsay, and for this reason, under the circumstances of this case, was not admissible, nor was it admissible for

the purpose of impeaching the State's witness, Shields. Shields had not testified to any fact damaging to the State, but had simply failed to testify that he had paid 25 cents for the beer. This testimony could not be used as original evidence to supply a failure of the witness, Shields, to testify to said fact. If the State succeeded in impeaching Shields in this matter, it could not have possibly strengthened the State's case. No witness had testified that Shields had purchased the beer from appellant. This proof was attempted to be made by Shields himself, but this failed. Now, how it was possible to help the State's case by impeaching her own witness we cannot conceive. If another witness had testified to a sale, and Shields had testified to facts which left doubtful whether he purchased the beer from the defendant, and his evidence was favorable to the accused, then the State would have had the right to impeach Shields, in order to break the force of his testimony. But Shields is the only witness that pretends in the remotest degree that there was a sale of the beer to him, and certainly this impeachment could not strengthen the State's case, and there was no object to be accomplished in impeaching him under the facts of this case. The court (the case being tried without a jury) no doubt considered this as evidence of a sale, but such evidence could be used for no such purpose. Counsel for appellant contends that the evidence is not sufficient to support this conviction. There were but two witnesses to the transaction—Shields and the defendant. Shields' evidence fails to make out a sale. The testimony of the appellant is unequivocal and positive that there was no sale, but a gift. The State's witness, Patton, swears that the defendant made the statement to him, at the time Shields was in front of the bar, that he was "setting them up," or, in other words, that he was giving Shields the beer. We are of opinion that the evidence is not sufficient to support the conviction; and for the reasons above indicated, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*