JIM BAILEY v. THE STATE.

No. 2314. Decided November 28, 1900.

**1. Joint Defendants—Severance—Practice.**

Defendant and one W. were jointly indicted for conspiracy to commit theft of cattle. Both defendants made a motion for severance; this defendant, because an acquittal of W. would bar this defendant's conviction, and that there was an agreement between the State and W. to dismiss the case as to W. when defendant's case was disposed of. W.'s motion for severance stated that his agreement with the State would show that he acknowledged his guilt of the conspiracy, but that, inasmuch as he had already been convicted of the theft of the cattle, the district attorney, not desiring to oppress him, had agreed not to prosecute him in this case; Held, inasmuch as defendant's motion for severance was not sought to obtain the testimony of W. as a witness, it showed no legal cause, and the court did not err in overruling his motion and directing that this defendant be first tried.

**2. Conspiracy to Commit Theft—Plea of Former Acquittal.**

On a trial for conspiracy to commit theft, a plea of former acquittal on a trial previously for the theft was properly stricken out, because the offenses were not the same, inasmuch as the offense of the conspiracy was a complete independent offense when entered into without any reference to its subsequent consummation in the theft. Following Whitford v. State, 24 Texas Crim. App., 489.

**3. Defendant as a Witness—Confession in Court.**

Where defendant, who had been jointly indicted with one W. for theft of

cattle, was tried and acquitted, and, thereafter, became a witness for his co-defendant; and, on his cross-examination, confessed that he and his codefendant W. had conspired to commit said theft, and had committed it, Held, on the subsequent trial of defendant for the conspiracy to commit the theft, that said confession was admissible against him, though he had not been admonished by the court, he not being under arrest at the time he so testified, and the charge of conspiracy to commit the theft not being, at that time, even pending against him.

**4. Confession Made Under Promise and Inducement by Officer.**

Where defendant had been tried and acquitted for theft of cattle, a statement to him by a deputy sheriff, etc., that having been tried and acquitted he could not be tried again for the theft, is not a promise which would render defendant's subsequent confession on a trial for conspiracy to commit the theft inadmissible as evidence against him. It was but a correct statement of the law which defendant was bound to know as well as the officer. Nor was the statement by the officer an inducement for defendant to make a confession as to the character of the conspiracy which was not even anticipated by the officer or defendant at the time.

**5. Conspiracy to Commit Theft—Testimony of Codefendant.**

The testimony of one codefendant on his previous trial for theft, in which he denied the conspiracy between himself and this defendant to commit the theft, can not be used by this defendant on his trial for the conspiracy.

**6. Confession—Charge of Court.**

While, in some cases, it is required that the charge of the court should instruct the jury that a confession by defendant could not be considered by them unless they believed that the same had been made voluntarily and not under promise, or induced by improper influence, such instruction is not required where there is no such issue.

**7. Same.**

Where the State's case is abundantly shown by the circumstances independent of defendant's confession, said confession may, nevertheless, be used, not only to connect defendant with the crime, but to assist in proving the crime itself. And, in such case, the court is not required to instruct the jury that defendant's confession alone is inadequate to prove the corpus delicti.

**8. Conspiracy to Commit Theft of Cattle—Evidence.**

On a trial for conspiracy to commit theft of cattle, it is proper and competent to show that defendant committed the theft of the animal about which the conspiracy was formed.

APPEAL from Atascosa. Tried below before Hon. M. F. LOWE.

Appeal from a conviction of conspiracy to commit theft of cattle; penalty, three years imprisonment in the penitentiary.

The case is sufficiently stated in the opinion.

No brief for appellant with the record.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of conspiracy to commit theft of cattle. The conspiracy is alleged to have been entered into between himself and one Buster Winters. Appellant asked for a severance (1) because the evidence is not sufficient against Winters to convict said Winters, and an acquittal of Winters would operate as a bar to appellant's conviction; (2) that the district attorney had entered into an agreement with Winters to dismiss his case when

the cause against appellant was disposed of; (3) Winters filed an application for severance, and stated that there was no agreement between himself and his codefendant as to who should first be placed upon trial. These were not verified by affidavit. The State moved to strike out the motion of appellant for severance, because it showed no legal cause, because Winters' motion for severance was first filed, and stated, as a matter of fact, that the agreement between himself and Winters would show that Winters was guilty, and that he acknowledged the guilt of the conspiracy, but inasmuch as he had been convicted of the theft of the cattle in consummation of the conspiracy, and had been sentenced to the penitentiary for a term of two years, he, as district attorney, had no desire to oppress Winters, being a young man, and had agreed not to prosecute him in the conspiracy case, not because he was not guilty, and the motion to dismiss the case against Winters would not so state. The court directed that appellant should first be tried. We see no error in this ruling of the court. The motion for severance was not sought to obtain the evidence of Winters as a witness in his case.

Appellant also interposed a plea of former acquittal. This plea shows that he had been previously acquitted of the theft of cattle, which was the subject matter of their conspiracy. This plea was stricken out on motion of the district attorney, and in doing so the court ruled correctly. The offense of conspiracy was complete at the time it was entered into, without any reference to the subsequent theft. The reasons why this is correct are so conclusively stated in Whitford v. State, 24 Texas Criminal Appeals, 489, that we deem it unnecessary to enter into a further discussion of the question.

There are a number of bills of exception reserved to the introduction of the confessions of appellant. Briefly stated, it is made to appear that, while Winters was upon trial for theft of the animal which was the subject matter of the conspiracy, the jury in appellant's case returned into court a verdict of acquittal for the theft of the same animal. He was immediately put under the rule as a witness for Winters. While under the rule, counsel for Winters, accompanied by an officer, had a conversation with appellant in regard to his testimony as to the cattle-theft, with the view of using him as a witness in Winters' behalf. He first declined to converse with the parties, but being informed by said counsel, as well as by the deputy sheriff, that the court had authorized the interview, he finally made a statement as to what he would testify, which was to the effect that he had won the animal from one Jesus Ogden in a game of cards, and induced Winters to accompany him in driving the animal away from its accustomed range. The officer, as well as counsel, stated to appellant that, having been acquitted of the theft, he could never be prosecuted again for that offense. Thereupon he made the statement above indicated, was placed upon the stand, and so testified. Upon cross-examination the district attorney pressed him very closely, and finally obtained from him the state-

ment that he and Winters had entered into a conspiracy about a week before the theft to steal the identical animal, and that in pursuance of that agreement they did commit the theft. The confession was objected to on the ground that he was not admonished by the court that he could not be compelled to incriminate himself, because the conspiracy had not been shown aliunde the confession; that the confession of one conspirator could not establish the crime of conspiracy, and because the confession, to be admissible, must be made voluntarily, and not under promise. These were overruled, and the testimony went to the jury. We deem it unnecessary to notice any of these grounds of objection. Appellant was not under arrest at the time he testified, nor is it even shown that the charge of conspiracy was then pending against him. The statement in the bill, as a ground of objection, that the conspiracy had not been shown, would not authorize the consideration on that ground. It must have been stated as a fact that a conspiracy had not been shown. If we go to the statement of facts, the existence of the conspiracy is abundantly shown. While it is suggested by one objection that a promise was made, it is not stated as a fact. The statement of the officer and attorneys was not a promise. It was a correct statement of the law, and which appellant was bound to know as well as they. He had just been acquitted of the theft for which Winters was being tried. As a matter of law, he could not again be placed upon trial for theft of that head of cattle. Authorities are unnecessary to support this proposition. No inducement was held out to him to make any confession, and no promise was made. There was no thought by any of the parties that a confession would be testified by appellant. The testimony excludes the idea that they even anticipated a confession of conspiracy or guilt in any form, and they state that, if they had so anticipated, they would not have placed him upon the witness stand. The evidence stated by appellant to them indicated not only his innocence, but also that of Winters. One of the counsel states that his surprise was so great, and the shock to his nervous system so acute, that he had not recovered from it at the time he was testifying in this case. Thomas v. State, 35 Texas Crim. Rep., 178; Thompson v. State, 19 Texas Crim. App., 594; Taylor on Ev., sec. 818; Whart., Crim. Ev., sec. 668. The officer neither made appellant any promise, nor held out any inducement to him to make a confession. In fact, the bills of exception preclude this idea. Winters, on his trial for cattle-theft, took the witness stand and denied the conspiracy. Appellant sought to use this denial of Winters on his trial for conspiracy. It was properly rejected.

Appellant asked the court to charge the jury that, before they could consider confessions made by defendant, they must believe the same were made voluntarily, and not under promise nor induced by improper influence. This was properly refused, because no such issue was suggested by the testimony. This charge in some cases may be required, but it is only when there is such issue.

The court was also requested to instruct the jury that defendant's confession alone is inadequate to prove the corpus delicti, that they must acquit unless the conspiracy is established otherwise than by defendant's admission, and that they should not consider against defendant the fact that he may have stolen the animal in question. Without going into a discussion as to whether, under an appropriate case, these charges should be given, it is sufficient to say that they were not called for by the facts of this case. The State did not rely upon the confession of defendant alone to prove the conspiracy. It was abundantly shown by the circumstances in evidence, and the confession can be used, under the authority of Kugadt v. State, 38 Texas Criminal Reports, 681, not only to connect defendant with the crime charged, but to assist in proving the crime itself.

Nor did the court err in refusing to charge the jury that they could not consider against defendant the fact that he committed the theft of the yearling about which the conspiracy was formed. This was proper evidence in this case, and in some cases may be necessary evidence in proving the conspiracy. Of course, they could not convict of the theft under this indictment. Whitford v. State, 24 Texas Crim. App., 489. As this record is presented to us, there is no error, and the judgment is affirmed.

*Affirmed.*