HORACE O'NEAL v. THE STATE.

No. 3334. Decided February 7, 1906.

**Local Option—Insufficiency of Evidence.**

See opinion for facts which are held to be insufficient to sustain a conviction for a violation of the local option law.

Appeal from the County Court of Grayson. Tried below before Hon. G. P. Webb.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and fifty days confinement in the county jail.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, fined $75 and fifty days in jail.

Prosecuting witness, Everett Fairless, testified that he had been in the employ of Sam Rich (constable) as a spotter for local option violations; that about December 21, 1904, he, together with H. S. Rich, Pete Hasey, Joe Goode, and Munger were in Denison, Grayson County; that while there, he went into Mike Sweeney's coldstorage; that appellant was there behind the bar at the end of the bar near the door. At the other end of the bar was a negro porter, also behind the bar; that witness called on the negro for some "tea"; and witness and Pete· Hasey went back into the rear of the building, into a domino room; that the negro porter soon brought him two half-pints of whisky, wrapped up in a paper, and the witness paid the porter therefor; that he did not remember telling Sam Rich that witness bought this whisky from appellant; that he had been in Sweeney's place of business several times theretofore; that while in Denison, after the transaction here detailed, Pete Hasey brought this witness a paper to sign, to the effect that he had not purchased any whisky from defendant, which witness signed and swore to before a notary public. That some time thereafter Pete Hasey handed witness $10, and said, "Here is a present for you." That witness did not know where Pete Hasey got this money. Witness further stated that he did not purchase this whisky from appellant; that he had no conversation or transaction with appellant. Pete Hasey testified substantially as did witness Fairless, and states he gave Fairless $10, and the money was handed him· to be given to Fairless by a man he did not know. Sam Rich, the constable, swore that Fairless and Hasey told him that they bought whisky from appellant. Joe Goode testified that said prosecuting witnesses told him that the whisky was purchased from appellant. Fred Munger testified that he was deputy sheriff of Grayson County, and was in Mike Sweeney's place of business the night that Fairless got the whisky; that he was standing back by the stove near the rear end of the bar, where the negro porter referred to above, was standing. Fairless had a conversation with the negro. ·Defendant was up at the front end of the bar, towards the door. "I saw Fairless and Hasey go back into the domino room. The negro porter went back there with something wrapped in a. paper. While witness was in the saloon he saw the negro porter hand appellant some money to make change, after he returned from the domino room; don't know how much money. Don't know what this money was for, nor from where the porter got it." We do not think the evidence detailed authorizes an affirmance of the judgment and conviction. Accordingly the judgment is reversed and the cause remanded.

*Reversed and remanded.*