## DAN LAYTON v. THE STATE.

No. 904.   Decided February 8, 1911.

Rehearing Granted March 8, 1911.

**1.—Unlawful Sale of Intoxicating Liquors—Keeping Disorderly House—Recognizance—Reinstatement of Appeal.**

Where the appeal was dismissed because of an insufficient recognizance, and appellant thereafter on motion to reinstate filed a recognizance in accordance with the law, the appeal will be reinstated.

**2.—Same—Indictment—Sale of Spirituous, Vinous and Malt Liquors.**

Where the indictment followed precedent in charging defendant with keeping a disorderly house in which spiritous, vinous and malt liquors were sold and kept for sale, the same was sufficient.   Following Wimberly v. State, 53 Texas Crim. Rep., 11, and other cases.

**3.—Same—Evidence—Practice on Appeal.**

Where the exception to the evidence related to a count in the indictment under which defendant had been acquitted and not to the case on trial, it need not be considered on appeal.

**4.—Same—General and Local Law—Charge of Court.**

The law with reference to keeping a disorderly house, by the sale or keeping for sale spirituous, vinous and malt liquors, is of a general character and applies to the entire State, and there was no error in the court's failure to charge the jury that the disorderly house statute did not apply to the county of the prosecution.

**5.—Same—Evidence—Sales of Intoxicating Liquors.**

Where, upon trial of unlawfully keeping a disorderly house for the sale, etc., of spirituous, etc., liquors, the court admitted in evidence sales of intoxicating liquors by parties who were not employed by the defendant and who had no business connection with him, the same was reversible error.

**6.—Same—Evidence—Leading Questions.**

Upon trial for keeping a disorderly house for the sale of spirituous liquors, etc., there was no error in permitting the State to propound leading question to its witnesses who were hostile to the State.

**7.—Same—Insufficiency of the Evidence.**

Where, upon trial of keeping a disorderly house, by the sale, etc of spirituous, etc., liquors, the State failed to prove that defendant was the owner, lessee or occupant of the building or that he was in control of same, and the defendant showing that he had no connection therewith otherwise than as waiter or clerk, the conviction could not be sustained; although he might have been prosecuted for the illegal sale of such liquors but not as a keeper of a disorderly house.

Appeal from the County Court of Ellis.   Tried below before the Hon. J. T. Spencer.

Appeal from a conviction of keeping disorderly house for the sale, etc., of spirituous, etc., liquors without license; penalty, a fine of $200 and twenty days confinement in the county jail.

The opinion states the case.

*T. H. Collier* and *Farrar & McRae,* for appellant.—On the ques-

tion of the insufficiency of the indictment: Scales v. State, 46 Texas Crim. Rep., 296; Act of 30th Legislature, page 247.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, Judge.—Motion is made by the Assistant Attorney-General to dismiss the appeal herein on the ground that the recognizance is not sufficient to give this court jurisdiction. An inspection of the recognizance discloses that the motion is well taken. See Bird v. State, Switzer v. State, and Hardin v. State, this day decided. The motion is sustained, and the appeal is accordingly dismissed.

*Dismissed.*

### ON REHEARING.

#### March 8, 1911.

HARPER, Judge.—At a former day of this term this cause was dismissed because of insufficient recognizance. Appellant has filed a motion to reinstate, filing a recognizance in accordance with the provisions of our Code, and we will discuss the case on its merits.

Appellant was tried in the County Court of Ellis County upon an indictment containing several counts; the first charging that he pursued the occupation of selling and offering for sale intoxicating liquors by taking orders therefor; the jury acquitted him of this count, and while a number of questions are raised under it, we will not discuss them, because of this acquittal. The other counts charged defendant with keeping a disorderly house, in that he kept a house in which spirituous, vinous and malt liquors were sold and kept for sale, without having obtained a license to sell such liquors.

Appellant filed a motion to quash the second and third counts in the indictment, charging him with keeping a disorderly house. The court did not err in overruling the motion. See Wimberly v. State, 53 Texas Crim. Rep., 11; Fleming v. State, 28 Texas Crim. Rep., 234; Mitchell v. State, 34 Texas Crim. Rep., 311.

A number of exceptions were reserved to the admissibility of evidence under the first count in the indictment, but, as before stated, as he was acquitted of this offense, it is useless to discuss them.

The court did not err in refusing to give the special charge requested by defendant, instructing the jury that the disorderly house statute did not apply to Ellis County. Said Act is a general law and applies to all counties in Texas whether local option is in force or not.

The court erred in permitting evidence of sales of intoxicating liquors by S. N. Creech and others, they not having been shown to be in the employ of defendant, and it was also error to prove that any person other than defendant purchased intoxicating liquors in Dallas. To have rendered this testimony admissible it would have been necessary to show that such persons were in the employ of, or had some

business connection with this defendant. As we read this record, Creech and Allen had the house rented and owned the restaurant. It is true that two or three of the witnesses for the State, after testifying that Creech and Allen owned the restaurant and had control of the building, and that defendant was a mere employe, admitted that in the grand jury they had stated that defendant run or owned the business, and in the condition of the record we do not think the court erred in permitting leading questions to be asked these witnesses. They had testified to a certain state of facts in the grand jury room. The State placed them on the stand apparently believing they would still so testify; on the other hand, they proved to be excellent witnesses for the defendant, and the court did not err in permitting the State to prove by them what they had formerly testified. The State, however, failed to prove by any witness that defendant was the owner, lessee or occupant of the building, or that he was in control of same, except by indirect testimony that certain witnesses had formerly so testified. On the other hand, the defendant proved by the lease contract, and a number of witnesses that he was not the proprietor of the place, or had any connection therewith, otherwise than as a waiter or clerk. He might be indicted and prosecuted for the sale of liquor shown to have been made by him, but the evidence does not sustain the allegation that he was the keeper of a disorderly house.

*Reversed and remanded.*