CLARENCE ALEXANDER v. STATE.

No. 2105. Decided December 4, 1912.

**1.—Murder—Continuance—Want of Diligence.**

Where the application for continuance showed a want of diligence, there was no error in overruling same.

**2.—Same—Impeaching Witness—Statutes Construed.**

Where, upon trial of murder, defendant's witness had testified in regard to the origin of the difficulty and the State cross-examined him on this phase of the case, and the answers of the witness to the questions propounded were of an injurious nature, there was no error in permitting the State to impeach said witness by showing that he had given certain testimony before the grand jury which he denied giving, and this did not make the witness the State's witness, and even if it did, was authorized under Article 815, Code Criminal Procedure.

**3.—Same—Argument—Bill of Exceptions.**

In the absence of a bill of exceptions, the admission of certain testimony cannot be considered on appeal.

**4.—Same—Charge of Court—Practice on Appeal.**

Where the ground of objection was that the court erred in his charge defining manslaughter, the same was too general to be considered on appeal; besides, the court's charge was correct.

Appeal from the District Court of Collins. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of manslaughter; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of impeaching witness: Dunagain v. State, 38 Texas Crim. Rep., 614; Erwin v. State, 32 id, 519.

HARPER, Judge.—Appellant was indicted, charged with murder, and when tried was convicted of manslaughter.

There was no error in overruling the application for a continuance as it was wholly lacking in diligence.

The defendant placed upon the witness stand one Joe Nichols, and proved by him that deceased had an open knife in his hand and said "he was going to kill some son-of-a-bitch on Eleven Row tonight." On cross-examination the State asked him what defendant was doing and saying at that time, and, not eliciting desired responses, asked him if he did not testify to a certain state of facts before the grand jury, and, when he denied doing so, proved by a witness that he had so stated when testifying before the grand jury. The defendant objected on the ground, that when the State inquired of the witness about matter not drawn out by him, the State made the witness its witness, and should not be allowed to impeach him. Article 815 of the Code of Criminal Procedure provides, that "the rule that a party introducing a witness shall not attack his testimony is so far modified as that any party, when facts stated by the witness are injurious to his cause, may attack his testimony in any other manner, except by proving the bad character of the witness." See also Erwin v. State, 32 Texas Crim. Rep., 519, and cases there cited. The answers of the witness to the questions propounded were of an injurious nature, and if it should be held he became the State's witness on this phase of the case, this would present no error. We hardly think the witness became a State's witness, however; he had testified for the defendant in regard to the origin of the difficulty, and the State was only cross-examining on this phase of the case.

Those grounds in the motion complaining of the action of the court in admitting certain testimony, to which no bills of exception were reserved, cannot be considered by us.

The court submitted the issue of manslaughter, and the jury convicted the appellant of that offense only, consequently it could not be said, if the court failed to submit that issue in conformity with the evidence, any injury resulted to appellant, and in the motion it is not assigned in a way we could consider it,—the ground reading: "The court erred in his charge to the jury in defining manslaughter." This is too general to call our attention to any error in the charge, if error there be. However, we will add that the court's charge was a fair submission of that issue.

The judgment is affirmed.

*Affirmed.*