### RAYMOND BLALOCK v. THE STATE.

#### No. 3541. Decided May 12, 1915.

**1.—Murder—Continuance—Second Application.**

Where defendant's second application for a continuance failed to show proper diligence to secure the alleged absent testimony, the same was properly overruled. Following Giles v. State, 66 Texas Crim. Rep., 638, and other cases.

**2.—Same—Evidence—Fabrication of Testimony—Hearsay.**

Where defendant claimed that he acted in self-defense and the State sought to show that this was a fabrication, there was no error in refusing to admit testimony that it was a matter of common talk in the neighborhood that a knife was found the next morning after the homicide at the place where the altercation occurred; this being simply hearsay.

**3.—Same—Accomplice—Charge of Court.**

Where, upon trial of murder, it appeared from the evidence that after the difficulty, the witnesses who were present when it occurred agreed among themselves that they would say nothing about it, this did not make them accomplices, and there was no error in the court's failure to charge thereon. Following Harrison v. State, 69 Texas Crim. Rep., 291, and other cases.

**4.—Same—Charge of Court—Objections—Theft.**

The defendant can not now, as formerly, wait until after the trial to object to the court's charge, but he must do so before the charge is submitted to the jury; besides, the evidence did not call for a charge that if the homicide was committed to prevent theft, the jury must acquit defendant.

Appeal from the District Court of Upshur. Tried below before the Hon. W. R. Heath.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Warren & Briggs,* for appellant.—On question of excluding testimony on the question of fabrication: Phillips v. State, 164 S. W. Rep., 1004.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of accomplice testimony: Martin v. State, 47 Texas Crim. Rep., 29; Alford v. State, 31 id., 299; Alexander v. State, 49 id., 93; Schackey v. State, 41 id., 255.

On question of hearsay evidence: Frizzell v. State, 30 Texas Crim. App., 42; Goldsmith v. State, 32 Texas Crim. Rep., 115; Coffman v. State, 56 id., 75.

On question of defense of property: Gay v. State, 58 Texas Crim. Rep., 472, 125 S. W. Rep., 896.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of manslaughter, and the lowest punishment assessed.

Appellant and Pete Jordan gambled at cards several hours and until about or early in the night. Deceased, Bud Ferguson, staked Jordan, and he and appellant's brother, Paul, were present while they gambled. The gambling was stopped by mutual consent. Lying between the parties when the game ceased was two $10 bills. Ferguson then picked these up, claiming they were his, and walked off with them. While this was a disputed point, the evidence was amply sufficient to show that these bills belonged to Ferguson. Appellant, however, claimed them, and demanded that Ferguson deliver them to him. Ferguson refused. Appellant followed him off some thirty steps distant, and, according to the State's theory, and there was ample evidence to sustain it, because Ferguson refused to deliver to him the two $10 bills, appellant picked up a stick of considerable size, which was shown to be a deadly weapon, struck Ferguson across the side of the head with it, knocked him down, picked up the two $10 bills, and no further fight ensued. Appellant claimed that at the time he struck Ferguson, Ferguson had his knife out and attacked him therewith. The State disputed this, and while there was evidence pro and con, it was amply sufficient to show that deceased had no knife and made no attack therewith upon appellant; that this testimony was recently fabricated just prior to this trial. Ferguson could not get up after he was felled by appellant with the stick. Jordan and appellant's brother, Paul, went to him and helped him up. All of the parties, including deceased, did not then know, and, it seems, did not believe that deceased was fatally injured. At appellant's instance, deceased, instead of going home, went to appellant's home to spend the night. He could not walk from where he was felled to appellant's without the assistance of others, and said Jordan and Paul assisted him the whole of the way. Even after reaching appellant's and going to bed, it seems none of the parties at that time thought deceased's injuries would result fatally. However, deceased rapidly grew worse and died from the effects of the lick within a few hours. Just before or just after deceased died, appellant fled, attempted to escape arrest, and was not found and arrested until some days later. The officers first arrested Jordan and Paul Blalock, but as soon as an investigation was made both of them were released and discharged.

Appellant was indicted in January, 1914. That term and two others intervened before appellant was tried in January, 1915.

Appellant claims the court erred in refusing him a continuance for the absence of the witness John Deshazo. This witness was subpoenaed by both the State and appellant at the January term, 1914, and, it seems, attended that and at least one other term of court and then removed to Oklahoma. When he removed there is not shown. In our opinion

the court correctly overruled appellant's motion for continuance, because no proper diligence to secure the testimony of said witness was shown. (Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317.) Appellant claims that this was his first, but the record shows that it was his second, application for a continuance. (Rogers v. State, 71 Texas Crim. Rep., 149, 159 S. W. Rep., 40.)

The State introduced evidence which tended strongly to show that appellant's claim on this trial that deceased attacked him with a knife and that he struck him with a stick in self-defense was a recent fabrication and hatched out in appellant's attorneys' office the morning the case went to trial. On this issue appellant has several bills of exceptions complaining that the court refused to permit him to prove by several witnesses that it was a matter of common talk and rumor in the neighborhood where the difficulty occurred that a knife was found the next morning after the homicide at the place where the altercation occurred. The court correctly refused to permit such testimony. It was hearsay, pure and simple. Of course, testimony by any witness who knew it, that a knife was found the next morning at the place where the homicide occurred, which was deceased's knife, would have been admissible, but not said hearsay testimony.

Appellant also contends that the court erred in refusing to give his special charge submitting to the jury the question of whether or not said State's witness Pete Jordan was an accomplice, and that his testimony had to be corroborated, in that the evidence showed or tended to show that he was an accessory. The basis for this in the evidence was that after the difficulty between appellant and deceased the four persons who were present during the gambling and when the difficulty occurred and the lick was struck, afterwards agreed among themselves they would say nothing about it so that the officers would get hold of it. As expressed by appellant's brother and witness, Paul Blalock: "After he (deceased) got up it was discussed between all of us as to where he should go, and he, at Raymond's suggestion, agreed that he would go home with Raymond and stay all night, and we would say nothing about it so that the officers would get hold of it." This and no other evidence in the record would show or tend to show that said witness was an accessory. P. C., art. 86; Hargrove v. State, 63 Texas Crim. Rep., 143; Schackley v. State, 41 Texas Crim. Rep., 255. Many other cases might be cited on this point, but we deem it unnecessary. Our decision herein in no way conflicts with Harrison v. State, 69 Texas Crim. Rep., 291, wherein we discussed this question and expressly disapproved of some general statements in several cases therein mentioned.

Appellant made no exception to the court's charge at the time of the trial on the point we will now discuss. After the trial, in his motion for new trial, and now, he claims that the court erred in not submitting a charge justifying the homicide on the ground that it was committed for the purpose of preventing theft at night under article 1105, P. C. He asked no charge on the subject. In our opinion the facts called for no such charge. Even if they had, under the statute

as it now is, as has many times been decided by this court, the court's failure to submit such issue would not present reversible error. An accused can not now, as formerly, wait till after the trial to have such contentions sustained.

The questions we have discussed and decided are all that are presented in appellant's brief. Some other questions, however, are raised in the record. None of them present any error. It is unnecessary for us to state or discuss them.

The judgment will be affirmed.

*Affirmed.*