THEO. HAYS v. THE STATE.

No. 5227.    Decided December 4, 1918.

**Aggravated Assault—Husband and Wife—Case Stated—Evidence.**
      Where, upon trial of aggravated assault, by defendant upon his wife, it was evident from the wife's testimony that she was about to strike him, and he either struck her with his fist or hand and ran, and she chased him with the view of giving him a beating with a club, he would not be guilty of committing an assault upon her, and the opinion testimony as to matters occurring between the officers and the wife of the defendant some time after the occurrence and in his absence was inadmissible, either for impeachment or original testimony, and the same was reversible error.    Following Leonard v. State, 27 Texas Crim. App., 186.

Appeal from the County Court of Jefferson.    Tried below before the Hon. A. M. Rutan.
      Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*H. B. Tucker,* for appellant.—Upon admission of officers' testimony: Mitchell v. State, 204 S. W. Rep., 767; Andrews v. State, 64 Texas Crim. Rep., 2, 141 S. W. Rep., 220, and cases stated in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault, his punishment being assessed at a fine of $25.

The evidence shows that the assault was committed upon appellant's wife. This is shown by the testimony of the wife, and that he struck her either with his fist or hand but did not knock her down. She says this occurred on the 21st of July. She testified: "At the time that my husband hit me I was trying to hit him. After he assaulted me he ran and I ran after him about twenty-five yards. I was going to hit him if I caught him. I did not catch him; he outrun me. I was crying when I came to the police station because I was angry. If I had got hold of my husband and clubbed him, I would not have been crying. No one interfered with us at the time that he struck me; he was not prevented from striking me more licks if he had wanted to." She further testified she was indifferent as to whether he was prosecuted or not. This trouble occurred at Port Arthur, in Jefferson County. In August afterwards appellant was arrested in Orange, Texas, and brought to Jefferson County for trial.

Four bills of exception are shown by the record. They, in substance, recite that the State introduced Miles, chief of police, and Lee, a subordinate police officer. Lee testified: "I was on duty on the 21st day of July when this woman came up to get her husband arrested; she was crying, and I asked her what was the trouble, and she said her husband had been beating her, and I asked her who her husband was, and she said Theo. Hays. I asked her where he struck her at, and she said all over, 'He beat me up,' she said, 'want him arrested'; she said, 'you can not get him now, he has run out in the rain; but I want you to get him when he comes back to the house.' I told her I would try to get him when he came back; I arrested him on August 5th." Miles testified he was in the police station the day the woman came and made complaint. "She made the statement to me and Mr. Lee that she wanted her husband arrested because he had choked her and beat her up."

Various and sundry objections were urged to this testimony: First, it was hearsay, it not being shown that the defendant was present at the time the conversation occurred between Miles, Lee and the witness; second, because it is an attempt on the part of the State to contradict, discredit and impeach the witness Alice Hays, it not being offered as res gestae. The court placed this qualification upon the bill: "Upon the argument of the motion for new trial counsel for the State offered

and asked leave to withdraw the evidence given by the witnesses Lee and Miles, to which counsel for defendant objected."

Another bill recites that the State introduced Lee, and the prosecuting officer was permitted to have the witness state in detail what Alice Hays said to him on the morning of July 21st, when she came into the chief of police's office. This is the testimony as set out in bill No. 3 above. In admitting said conversation the court makes this statement: "It is admitted solely for the purpose of proving the extent or degree of the assault and only as bearing on the amount of fine to be assessed, and it appearing to the court that the witness to some extent is unfriendly to the State at this time, and it being claimed that she has changed her statement as to the nature of the assault since immediately after the assault was made."

These two bills are practically the same as the two former bills, all bearing upon the introduction of the testimony of these two officers. In Leonard v. State, 27 Texas Crim. App., 186, Judge Hurt, rendering the opinion of the court, said: "There may not be much gallantry or chivalry in repelling with force assaults made by the wife, still, at law, a husband has the right to defend himself even against the attacks of his wife; and unless greater force is used than is necessary to repel the violence, he would not be guilty of an assault or battery. In this case the wife was the aggressor, it not being shown that appellant was in the wrong in chastising the girl, and the force used by him was very slight indeed." This quotation is used to indicate the husband may resent an attack made on him by his wife. It is evident from the wife's testimony that she was about to strike him, and he either struck her with his fist or hand and ran, and she chased him with a view of giving him a beating with a club. The evidence is indefinite as to when she got the club, whether she had it at the time she was trying to hit him or not. But if she had made an assault on him, or was trying to make an assault on him at the time, he had the right to resent it. The assault was of a slight nature. She said he either struck her or slapped her with his fist and ran. We are of opinion that under this showing appellant had the right to use necessary force to get away from his wife, and that he would not be guilty of committing any assault under such circumstances.

We are also of opinion the testimony of the officers was not admissible. These were matters occurring between the officers and witness in the absence of defendant. Even if the State had a right to impeach his wife, which is here questionable, under the facts, still this did not make out a case for the State; but we are of opinion the evidence was not admissible. Mr. Branch lays down the rule which seems to be fully sustained by the authorities, that "it is error to permit the State to impeach her own witness where such witness fails to remember, or refuses to testify, or fails to make out the State's case. A mere failure to make proof is no ground for impeaching such witness." This quotation is made from section 164, page 95, Branch's Ann. P. C. It is supported

by a great number of cases which have been. listed by Mr. Branch under this note. He further states in the same note that the State may impeach her own witness by proof of contradictory statements where he testifies to either affirmative or negative facts injurious to the State's case, citing a great number of cases to support the proposition. He further states on page 96: "Where the State impeaches her own witness by proof of statements not made on the present trial, such impeaching testimony is not. original evidence against defendant, but is only admissible to affect the credibility of the witness, and would have to be limited in the charge. It follows that such hearsay testimony will not support a conviction, and if the witness fails to make out a case, there is nothing to be gained by impeaching him, where the State has no other witnesses to make out the case." There are a great number of cases cited in support of this proposition. The testimony certainly could not be used on the theory advanced by the court in the quotation made from his qualification of the bill, that he used it in reference to graduating the punishment or assessing the penalty. The State's case as made by the wife's testimony was that she was about to hit her husband when he struck her. and ran, and that she chased him with a view of clubbing him. This was the State's case, and if she made statements contradictory of this, or showing more aggravation than she stated, still it would be impeachment and could not be used as original evidence by the State in making out its case. We are of opinion, therefore, the State has not made out a case sufficiently strong to authorize a conviction, and that the impeaching testimony under the condition of this record was not admissible.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*