## HEFFNARN v. STATE. (No. 8513.)

(Court of Criminal Appeals of Texas. Dec. 3, 1924.)

1. **Witnesses** ⊜⇒380(5)—**Not competent under circumstances for state to impeach own witness by showing statements before grand jury.**

Where witnesses for state in prosecution for illegal transportation of liquor denied stating before grand jury that they saw driver of car take whisky therefrom, it was not competent for state to impeach them by showing testimony before grand jury, in absence of statement by them at trial that whisky was not brought in car.

2. **Witnesses** ⊜⇒323—**Mere failure of state's witness to give certain favorable testimony does not authorize his impeachment by state.**

By construction of Vernon's Ann. Code Cr. Proc. 1916, art. 815, to authorize impeachment by state of its witness, he must have stated facts injurious to state's case, and his mere failure to give certain favorable testimony is not sufficient.

3. **Witnesses** ⊜⇒255(9)—**Reception of witnesses' testimony before grand jury to refresh their memories not justified.**

Reception of testimony of state's witnesses before grand jury could not be justified under rule permitting memory of witnesses to be refreshed, such testimony being hearsay in relation to instant case.

4. **Criminal law** ⊜⇒541—**That witnesses for state were unwilling did not make their testimony before grand jury available.**

Testimony of state's witnesses before grand jury was not made available to state by fact that witnesses in question were unwilling to so testify in court.

5. **Criminal law** ⊜⇒673(3)—**Evidence admitted to impeach witness or refresh his memory should be properly limited.**

Had statement of witness for state before grand jury been admissible as impeaching testimony or to refresh memory of witness, it should have been properly limited by instruction on request of defendant.

Appeal from District Court, Menard County; J. H. McLean, Judge.

John Heffnarn was convicted of unlawfully transporting intoxicating liquor, and he appeals. Reversed and remanded.

Tom· Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

MORROW, P. J. The offense is unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

[1] The testimony relied upon by the state is that of Barney Ellis and Ermine Thompson. Both of these witnesses testified that they were invited to get into the automobile driven by Etheridge in which the appellant was riding, and that the party went to a thicket; that after they arrived at the thicket, there was some whisky exhibited by Etheridge; that all partook in drinking it; but that the whisky was not seen in the car by either of the witnesses. Upon the giving of the testimony mentioned by the state's witnesses, counsel for the state produced two written statements which the witnesses identified as bearing their respective signatures, and which, according to the examination conducted, purported to be the testimony given by each of the witnesses before the grand jury. In connection with these statements, counsel for the state indulged in a vigorous examination of the witnesses with the view of leading them to admit that they had stated before the grand jury that they had seen the jug of whisky taken out of the car by Etheridge. This the witnesses denied, but one of them admitted that in the written statement mentioned, it did appear that he had testified before the grand jury that Etheridge got a gallon glass jug of whisky out of the car. It seems that the witnesses mentioned gave no affirmative testimony against the appellant. Each of them declared that they saw whisky for the first time at the thicket. They failed to state, however, that the whisky was not brought in the car; and in the absence of such a statement, it was not competent for the state, under the circumstances, to prove that they had given the testimony mentioned before the grand jury.

[2] In article 815, C. C. P., it is declared that the rule forbidding one to attack the testimony of his own witness "is so far modified as that any party, when facts stated by the witness are injurious to his cause, may attack his testimony in other manner, except by proving the bad character of the witness." Construing this statute, it has often been declared that when the state introduces a witness, it cannot attack his testimony unless the witness has stated facts injurious to the state's case. The mere failure of a witness to give testimony favor-

able to the state will not authorize his impeachment. Numerous cases are collated in Vernon's Tex. Crim. Stat. vol. 2, p. 763, supporting this proposition. Later cases are Hays v. State, 84 Tex. Cr. R. 349, 206 S. W. 941; Ice v. State, 84 Tex. Cr. R. 509, 208 S. W. 343; Bryan v. State (Tex. Cr. App.) 260 S. W. 846. See, 'also, Branch's Ann. Tex. P. C. § 164, and cases there collated. Nor can hearsay statements of the witness be used under the guise of impeaching him or refreshing his memory.

[3-5] The use of the testimony given by the witnesses before the grand jury, as it related to the present case, was hearsay. For the reason already stated, it was not usable for impeachment; nor could its reception be justified under the rule permitting the memory of the witnesses to be refreshed. See Dunn v. State, 85 Tex. Cr. R. 299; Commonwealth v. Bavarian Brewing Co. (Ky.) 80 S. W. 772; People v. Izler, 8 Cal. App. 600, 97 P. 685; Bashford v. People, 24 Mich. 244; also, Cyc. of Law & Proc. vol. 40, p. 2451. Nor is the suggestion tenable that the testimony given before the grand jury was made available to the state by the fact that the witnesses in question were unwilling. The court would have the discretion of permitting counsel to lead an unwilling witness, but not to convert his declaration out of court into original testimony. In the state in which the record presents itself, the testimony given by the witnesses before the grand jury was not available to the state to sustain the conviction. Neither can it be used to support the state's case. See Branch's Ann. Tex. P. C. § 164, subd. 8; also, Floyd v. State, 29 Tex. App. 356, 16 S. W. 188; Largin v. State, 37 Tex. Cr. R. 574, 40 S. W. 280; O'Neal v. State, 49 Tex. Cr. R. 297, 92 S. W. 417; Brown v. State, 55 Tex. Cr. R. 9, 114 S. W. 820; Thompson v. State, 57 Tex. Cr. R. 408, 123 S. W. 593; Layton v. State, 61 Tex. Cr. R. 507, 135 S. W. 557. If, however, the statement of the witness before the grand jury had been available to the state either as impeaching testimony or for the purpose of refreshing the memory of the witnesses, it should, upon the request of the appellant, have been properly limited by the charge of the court. See Branch's Ann. Tex. P. C. §§ 186 and 188. The court recognized the propriety of limiting the testimony. Their testimony before the grand jury, if available to the state at all, was to discredit and not to support the state's witnesses. The charge given was calculated to create the contrary impression upon the minds of the jury.

Appellant objected to the procedure by which the testimony of the witnesses given before the grand jury was introduced before the jury trying the case. The state's attorney objects to the consideration of the bills of exception for the reason that they contain a number of questions and answers. Eliminating the questions and answers embodied in the bills, their narrative portion is sufficient to require a review of the procedure.

Moreover, independent of the bills of exception, the judgment cannot stand upon the evidence adduced for the reason that aside from the statements of the witnesses before the grand jury, which cannot be used to prove the guilt of the appellant, there is not sufficient testimony to show the transportation of the whisky in question by the appellant.

For the reasons stated, the judgment is reversed, and the cause remanded.