## TONY CALDARERA AND SAM MURPHY V. THE STATE.

No. 14702.   Delivered November 18, 1931.
Rehearing Denied in cases of Sam Murphy October 19, 1932.
Reported in 53 S. W. (2d) 485.

The opinion states the case.

*E. A. Berry* and *C. E. Smith*, both of Houston, for appellants.

*O'Brien Stevens*, Criminal District Attorney, and *E. T. Branch*, both of Houston, and *Lloyd W. Davidson*, State's Attorny, of Austin, for the State.

CALHOUN, JUDGE.—Appellants were convicted of a conspiracy to manufacture intoxicating liquor and given four years each in the penitentiary.

Officers executed a search warrant on a house at 906 Tulane St. in the city of Houston, and at that place they found a still with 20 or 30 gallons of whisky; also two 50-gallon fermenters, 800 gallons of whisky mash, four 5-gallon glass jugs of whisky. They also found a one hundred-gallon copper still in operation and a one hundred-gallon cooling tank; also coils and condensers and other things used in the manufacture of said liquor. The still was found in operation in a garage forty or fifty feet back of a residence. They also testified that they saw one Joe Massala at said place, but did not see his wife.

Mrs. Joe Massala testified that her husband, Joe Massala, manufactured liquor at 2309 Ovid St. and at other places in the city of Houston and that the defendants came there to visit her husband; that they visited there several times a week and that the whisky made by her husband was taken off, sometimes by a negro and sometimes by the defendants, and carried away in their automobiles. They would take it away at night time. She

also testified that the two defendants had both brought stuff to their house at night, and the appellant Sam Murphy had brought sugar and yeast. She testified that she could not understand the conversation carried on between her husband and the defendants because they talked in Italian and she was not Italian and could not understand the language.

Neither of the appellants testified or offered any evidence.

By bill of exception No. 1, it is shown that the appellant Cadarera excepted to that part of the testimony of Mrs. Joe Massala on her direct examination that Joe Massala, her husband, left the house with some whisky at different times and told her, as he was leaving, that he was taking it to Tony Caldarera's house, Caldarera being not present at the time. The bill is qualified to show that no objection was made to the testimony until after it was given, and that the defendant Caldarera then objected to it on the ground that it was hearsay, and asked the court to strike it out, which the court refused to do.

The first count in the indictment, and the only count which was submitted to the jury, charged that the defendants, Caldarera and Murphy, did then and there conspire, combine, and confederate and entered into a positive agreement together and between themselves, together with one Joe Massala, to unlawfully manufacture intoxicating liquor in said county and state. Under the authorities, it seems that when the question at issue is a joint acting together of two or more persons in the commission of an offense, proof of the acts and declarations of either, if part of the res gestae or made pending a conspiracy, though made by one in the absence of the other, if in pursuance of the common design, is admissible. Smith v. State, 46 Texas Crim. Rep., 267; Smith v. State, 48 Texas Crim. Rep., 233; Dunn v. State, 111 Texas Crim. Rep., 464, 14 S. W. (2d) 283; Bannister v. State, 112 Texas Crim. Rep., 158, 15 S. W. (2d) 629.

The presumption of law is that the court having admitted the testimony over the objection of the appellant, his ruling was correct. The bill does not set out a sufficient amount of the surrounding facts and circumstances as to enable this court to determine the merits of the bill and the correctness of the ruling involved. A bill which merely states the ground of objection interposed or which merely sets out the qustion, answer, and objection without showing its connection to the other testimony is too incomplete to be considered. 4 Texas Jurisprudence, sec. 216; Green v. State, 66 Texas Crim. Rep., 446, 147 S. W., 593.

Bill of exception No. 2 shows that the state put Joe Massala

on the stand as their witness and he, upon direct examination, denied that he had ever manufactured whisky and had not manufactured whisky at 2309 Ovid St. Complaint is made of the state being permitted to impeach said witnes by a written statement made to one R. R. Myers to the effect that he was running a still at 2309 Ovid St. for the appellants, Tony Caldarera and Sam Murphy. The court qualified the bill, without exception, to the effect that, during the argument to the jury, the attorney for the defendant stated to the jury that there must have been an agreement or promise of immunity to Joe Massala or else his wife would not have testified for the state, and that the district attorney's office must have made such agreement or promise, and demanded to know why Joe Massala was not used as a witnes. Whereupon, the assistant district attorney asked the court to suspend argument and permit Joe Massala to be called as a witness. The court granted this request, no objection being made, and said Massala was brought into court, and, without being talked to, he was placed on the stand; that he denied manufacturing any liquor at all; and that the state laid a proper predicate for his impeachment and impeached him in the language of the predicate. The state claimed surprise and injury, and that the state had a right to believe that he would testify the same as he had stated in his former statement to R. R. Myers, and that the districit attorney stated in the hearing of the jury, without any objection, that the purpose of attempting to impeach Massala was not to be used as evidence against the defendants on trial but simply to explain why the state had put him on the stand. The qualification further showed that there was injury to the state in his denial because the affirmative evidence of what he denied was already in evidence, and it was not merely a failure to make proof as the state had not offered him as a witness during the trial, and that the witness had given testimony directly injurious to the state's case and helpful to the defendants.

In the light of the bill as qualified and the facts as we learned them from the record, we believe that in the ruling of the court there was no departure from authorized procedure. Article 732, Code of Criminal Procedure. As stated by Mr. Branch:

"The state may impeach her own witness by proof of contradictory statements where he testifies to either affirmative or negative facts injurious to the state's case." Branch's Penal Code, sec. 164.

Sommerville v. State, 6 Texas App., 433; Tyler v. State,

13 Texas App., 208; Layton v. State, 61 Texas Crim. Rep., 507, 135 S. W., 557; Alexander v. State, 68 Texas Crim. Rep., 573, 151 S. W., 807; Perry v. State, 69 Texas Crim. Rep., 644, 155 S. W., 263; Thompson v. State, 77 Texas Crim. Rep., 140, 177 S. W., 503; Baum v. State, 60 Texas Crim. Rep., 638, 133 S. W., 271; Jackson v. State, 115 Texas Crim. Rep., 395, 27 S. W. (2d) 1102.

Bill of exception No. 3 complains of the refusal of the trial court to give the jury defendant's special instruction charging the jury that Mrs. Joe Massala was in law an accomplice. Said bill sets out in full the entire direct testimony of the said Mrs. Joe Massala. The bill and the charge of the court both show that the court charged the jury on what an accomplice was and instructed them that it was for them to find as a matter of fact whether or not Mrs. Joe Massala was an accomplice. No exceptions were taken to this charge and no complaint is made thereof except that the court should have instructed the jury that she was an accomplice as a matter of law.

In the testimony of Mrs. Joe Massala, she denied emphatically that she had any part in the illegal enterprise going on in the premises occupied by her and her husband or that she in any wise aided or assisted in the manufacture of said liquor or encouraged her husband in doing so. We find no direct evidence in the record of her being connected with the manufacture of said liquor. The mere concealment of the fact that her husband was manufacturing liquor or her mere concealment of the knowledge thereof did not make her an accomplice as a matter of law. Noftsinger v. State, 7 Texas App., 301; Smith v. State, 23 Texas App., 357, 5 S. W., 219; Hargrove v. State, 63 Texas Crim. Rep., 143, 140 S. W., 234; Jones v. State, 74 Texas Crim. Rep., 350, 163 S. W., 75; Blalock v. State, 76 Texas Crim. Rep., 609, 176 S. W., 725.

We do not think the court erred in failing to charge the jury that the said Mrs. Joe Massala was an accomplice as a matter of law and properly left it to the jury, under instructions defining the term "accomplice" and applying the law to the facts, as to whether she was an accomplice or not.

We note that the verdict of the jury finding the appellants guilty assesed their punishments each at four years in the penitentiary. The sentence appearing in the record fixed their punishment at confinement in the penitentiary for a straight term of four years. The sentence will therefore be reformed as to each of the appellants so as to assess their punishment

at confinement in the penitentiary for an indeterminate period of not less than two nor more than four years.

Appellant Tony Caldarera has filed in this cause an application in writing, signed by the appellant, properly acknowledged before proper officer, requesting a dismissal of this case. Said motion is granted and the appeal is dismissed as to the said appellant Tony Caldarera.

Finding no reversible error in the record, the judgment of the lower court as to the appellant Sam Murphy, as reformed, is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing, counsel for the appellant, Sam Murphy, earnestly contends that the evidence before the jury reflected by the record is not sufficient to meet the measure required by law to establish the offense of conspiracy. The statutes applicable are articles 1623, and 1624, P. C., 1925, which read as follows:

"The offense of conspiracy is complete, although the parties conspiring do not proceed to effect the object for which they have so unlawfully combined."

"Before a conviction can be had for the offense of conspiracy, it must appear that there was a positive agreement to commit a felony. It will not be sufficient that such agreement was contemplated by the parties charged."

Judicial interpretation of the statutes will be found in King v. State, 86 Texas Crim. Rep., 407, 216 S. W., 1091; Whitford v. State, 24 Texas App., 489, 6 S. W., 537; Johnson v. State, 3 Texas App., 590; Odneal v. State, 117 Texas Crim. Rep., 97, 34 S. W. (2d) 595.

In the light of the motion, the evidence has been carefully reviewed. The alleged parties to the conspiracy were Tony Caldarera, Joe Massala, and the appellant, Sam Murphy, all of whom resided in the city of Houston, Texas. Caldarera lived at 96 McGowan avenue, in a large apartment house with a store under it operated by him.

From the testimony of the witness Sanborn, it appears that on the 28th of September, 1930, officers, possessed of a search warrant, searched the house situated at 906 Tulane street, in which they found a large still in operation, a number of gallons

of whisky, and about 800 gallons of whisky mash. The still was situated in a garage a few feet from the dwelling-house of Massala. The house was a cottage of five or six rooms. At the time of the raid the house was the dwelling of Joe Massala, who was present at the time the search was made.

Mrs. Massala testified in behalf of the state. In her testimony it appears that at the time of the search she was sojourning at a place on Stanley street in Houston; that there had been a temporary separation between her and her husband. At the time of the search, however, Massala lived at the place searched, namely, 906 Tulane street. During the time covered by the investigation, she and her husband lived at 2309 Ovid street, 201 Palmer street, and 732 Alston street. During the week the witness stayed with her husband at 906 Tulane street, Sam Murphy came there twice or three times. He brought with him some sacks, the contents of which the witness did not know. They were taken by Murphy up over the garage where the still was situated. Murphy also took stuff away from the still. It was in jugs. According to the witness, one of the sacks brought by Murphy contained sugar. She said that her husband told her that he was making whisky; that Sam Murphy and Tony Caldarera were paying him forty dollars a week and were paying all the bills on the house. Massala was to run the still for Caldarera and Sam Murphy for forty dollars a week. The sacks of sugar which the witness saw brought to the house were 100-pound sacks. There were other sacks containing rye and yeast, which looked like the same size as the sugar sacks. At the visits of Caldarera and Murphy, there were conversations between them in the Italian language which the witness could not understand and she could not state what was said. At each of the places named, except that at which the witness (Mrs. Massala) was visiting her mother on East 21st street, the still was operated and whisky made by Massala. Both Murphy and Caldarera were frequenters of the places. The manufactured whisky was sometimes taken away by a negro, sometimes by Caldarera and sometimes by Murphy. They would take five or six bottles or jugs at a time. After Massala was arrested, the witness heard a conversation between him and Sam Murphy in which Massala insisted that during his incarceration Murphy should supply Mrs. Massala with money. Murphy expressed the belief that Massala would be acquitted, and demurred at agreeing to support Massala's wife. He did, however, according to her testimony, promise to give

her a small amount of money from time to time, and did at one time give her a dollar.

Johnnie McArdle testified that he saw yeast and whisky at Massala's house at 732 Alston street; that Massala carried whisky from the building; that the witness helped him as did also Caldarera; that the witness also saw Murphy at Massala's house.

Mrs. Gilbert testified that she knew Joe Massala and his wife when they lived at 732 Altson street; that she had seen the still in operation at Massala's house and had also seen Sam Murphy there.

The witness, Dorothy Yaggi, testified that she had seen Sam Murphy at the house of Massala when he lived on Ovid street; that Murphy came there often, sometimes every night; that when he left, he would take away jugs in a sack, put them in his car, and drive away. She also saw the still in operation in the building and heard the two men talking in Italian, but she could not understand what they said. She said that Massala would fill up the jugs with whisky and Murphy would carry them to the car.

Mrs. E. Yaggi testified that she visited the home of Massala on Ovid street; that she saw there a still in operation, also jugs, barrels, and whisky. She saw Murphy come from there a few times. He came there to see Joe Massala and talked to him; that they talked Italian which the witness did not understand. She saw Murphy at one time going into the room where the jugs of whisky and still were situated.

To prove a conspiracy, circumstantial evidence is available, and, generally speaking, reliance thereon is essential. See Wharton's Cr. Ev. (10th Ed.), vol. 2, p. 1671, sec. 888; Tex. Jur., vol. 9, p. 400, sec. 21; Bailey v. State, 42 Texas Crim. Rep., 289, 59 S. W., 900.

Having the principles stated in mind, we have no difficulty in concluding that the evidence before the jury was such as to warrant their finding that the appellant was guilty of the offense charged; that is to say, that the circumstances introduced in evidence go to show that the appellant was a party to a positive agreement to commit the felony charged in the indictment.

For the reasons stated, we are constrained to overrule the motion for rehearing.

*Overruled.*