R. E. ROE V. STATE.

No. 24005. May 5, 1948.

Hon. Walter H. Strength, Judge Presiding.

*Harvey P. Shead,* of Longview, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for assault to murder, with a penalty of seven years in the penitentiary.

The evidence shows that appellant shot his wife, Mildred Hall Roe, twice in the back with a shotgun. It is claimed by the State that he was drinking and had threatened to take her life. The defense was that the shots were accidental.

The brief filed herein by the State's Attorney says that the eight bills of exception may be considered under one general proposition. The question is, did the trial court err in permitting the State to impeach its own witness, Mildred Hall Roe, and to cross-examine her concerning testimony given by her when she was testifying before the grand jury, and when testifying in her own behalf in a divorce suit previously tried.

She was an unwilling witness. She had been summoned and failed to appear, after which she was brought into court by at-

tachment. She had willingly and freely testified before the grand jury, and in her divorce case, to facts surrounding the shooting which were very damaging and supported the State's theory of the case. The prosecuting attorney was in possession of copies of such testimony. When placed on the stand she did give evidence sufficient to make out a case against her husband, but in answer to questions relating to very damaging circumstances she simply said she did not remember. The County Attorney took the stand and testified to circumstances supporting his plea of surprise. Under the rule this would unquestionably support the ruling of the court if she had given any affirmative evidence hurtful to the State and contrary to that which she had given before the grand jury or in her divorce case. In King v. State, 51 S. W. (2d) 325, it is held, "Party led to believe that his witness' answers would be favorable may contradict witness' hurtful testimony by proving his previous statements in line with expected testimony." See also Caldarera v. State, 53 S. W. (2d) 485.

We have carefully reviewed the record in this case and are unable to find that any affirmative evidence was given by the witness contradictory to her testimony upon which the prosecution relied. Her evidence simply failed to contain everything which the prosecution expected to have from her. She declined to give such testimony, generally upon the ground that she did not remember.

In Bryan v. State, 234 S. W. 83, it was held that a party may impeach his own witness where he states an affirmative fact which is injurious and in the nature of surprise; but that where a witness merely fails to testify to such facts, the party offering the testimony cannot under the guise of impeachment supply from some other source the evidence which he expected to get from the witness—unless that evidence would be admissible independent of such procedure.

In Katz v. State, 245 S. W. 242, it is again held, in a prosecution for embezzlement, that while the prosecuting witness fails to give expected testimony, such as had been given on a former trial, the State may not quote from the former testimony to make the wanted proof under the guise of impeaching the witness. It is further said that while it is a settled rule that one may impeach his own witness for an affirmative injurious statement which comes as a surprise, the rule cannot be extended to get before the jury, under the guise of impeachment, facts of which the witness merely failed to testify.

The foregoing authorities support appellant's contention. The evidence which the State introduced from the court reporter as to the testimony which the witness had given in her divorce case was hearsay and inadmissible against appellant as direct testimony. The evidence of what she swore before the grand jury is likewise hearsay and inadmissible. It did not serve to impeach the witness on any affirmative statement which she gave. Its effect was to supply that which she said she could not remember in the trial of the instant case. Its admission was error requiring a reversal of the judgment. The case is remanded for a new trial.