## MRS. E. E. (KITTIE) KELSEY V. THE STATE.

### No. 11188.   Delivered March 21, 1928.

**1.—Possessing Intoxicating Liquor—Evidence—Invalid Search Warrant—Admissions of Appellant—Rule Stated.**

Where it was shown that appellant's premises were entered and searched under an invalid search warrant, evidence of what was found in the house as a result of said search was not properly admissible, but appellant having testified on the trial that the officers found in her house two fruit jars containing whiskey, the receipt of the testimony of the officers to the same effect, though improperly received, could not form the basis for a reversal of the judgment.

**2.—Same—Continued.**

The erroneous admission in evidence of testimony is not ground for a reversal when the same fact is proven by other testimony, against which no objection is made.  See Vernon's Crim. Stats., 1916, Vol. 2, Art. 938, p. 904, notes 27 and 28, and Vernon's Crim. Stats., 1922, p. 2644, note 27; also Vernon's Ann. C. C. P., 1925, Vol. 3, Art. 847, p. 271, note 32, and cases cited in opinion.

**3.—Same—Continued.**

But evidence secured by an illegal search, of other whiskey found in the yard of appellant, which was not admitted by her, was not properly received.   The rule is not so construed as to render harmless material and prejudicial testimony against the accused, which has not been admitted by him, or proved by other means without objection.   See Saddler v. State, 20 Tex. Crim. App. 195.

**4.—Same — Argument of Counsel — Improper — Not Reversible — As Presented.**

Where, in his argument, state's counsel told the jury that "if appellant's testimony was true, that her husband had placed the whiskey in that house, that her husband, although he is a bootlegger, would have enough manhood to get on the witness stand in her behalf and tell you that it was his whiskey, even though he knew it would result in his getting another term in the penitentiary himself," such argument was improper, but as the matter appears in the bill of exception, we would not feel warranted in reversing the judgment on that account, alone.

Appeal from the District Court of Eastland County.   Tried below before the Hon. Elzo Bean, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty three years in the penitentiary.

The opinion states the case.

*Chastain & Judkins* of Eastland, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE. — The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for a period of three years.

Several officers, possessed of a search warrant, visited the home of the appellant. Upon entering the house, they observed two fruit jars with whiskey in them. According to the officers, upon their arrival, the appellant attempted to empty one of the bottles into a funnel which went through the floor. They found no whiskey in the house, though on the porch was a basket containing a lot of empty bottles. In the yard, buried in the ground and in the garage, some other whiskey was found. On the premises there were found altogether eleven jars of whiskey.

The appellant testified that she knew of the whiskey that was in the house but had no knowledge of any other whiskey upon the premises. The evidence showed that at the time of the search her husband was in jail charged with violating the law prohibiting the liquor traffic. She said she was undertaking to make bond for him; that when the officers appeared she did not know that she was violating the law in pouring the whiskey out; that she did it in order to protect her husband against another prosecution.

The search warrant was issued upon information and belief, and stated no fact or circumstance upon which the belief was grounded. Objection was urged against the receipt in evidence of the testimony of the officers showing the result of the search which was made under the search warrant mentioned. The objection should have been sustained. The search warrant having been issued upon an improper affidavit, the introduction in evidence of the result of the search thereunder was inhibited by Art. 727a, C. C. P., 1925. The appellant having testified in her own behalf that the officers found in her house two fruit jars containing whiskey, the receipt of the testimony of the officers to the same effect, though improperly received, could not form the basis for a reversal of the judgment. The erroneous admission in evidence of testimony is not ground for a reversal when the same fact is proved by other testimony against which no objection is made. See Vernon's Crim. Stats., 1916, Vol. 2, Art. 938, p. 904, notes 27 and 28; and Vernon's Crim Stats., 1922, p. 2644, note 27; also Vernon's Ann. C. C. P., 1925, Vol. 3, Art. 847, p. 271, note 32. The rule has particular application when the accused gives, without objection, testimony the same as that erroneously received over objection. See

volume last mentioned, p. 275, note 33; also Trevino v. State, 83 Tex. Crim. Rep. 562; Morse v. State, 85 Tex. Crim. Rep. 83; Rodriguez v. State, 232 S. W. 512; Gonzales v. State, 299 S. W. 901; Bonilla v. State, 2 S. W. (2nd) 248; Stone v. State, 232 S. W. 818. The rule is not so construed as to render harmless material and prejudicial testimony against the accused which has not been admitted by him or proved by other means without objection. In the case of Saddler v. State, 20 Tex. Crim. Rep. 195, the rule is thus stated:

"The admission of illegal evidence on an important fact material and pertinent to the issue, and which is additional to other facts legally in evidence, is erroneous, and that a conviction in such case will not be permitted to stand." (McWilliams v. The State, 44 Texas, 116.)

In the present instance, the appellant testified that she had no knowledge of any whiskey on the premises except that which was in her house. By her testimony she presented a defensive theory, namely, that the whiskey found in her house had been placed there by her husband before his arrest, and that her act in attempting to pour it out was to shield him against another prosecution. Her intent in possessing the whiskey which was found in the house was, therefore, a controverted question for the jury. In passing upon that issue, however, there was, by the manner in which the case was tried, rendered available to the jury the testimony of the officers that they found nine additional jars of whiskey, not in the house or the immediate possession of the appellant, but in the yard and garage. Of this last mentioned whiskey, as above stated, she disclaimed any knowledge. The record standing thus, it cannot be properly said that the testimony of the officers with reference to that part of the whiskey which they claimed to have found in the yard and garage was not calculated to injure the appellant. It was calculated to influence the jury upon the controverted issue of intent with reference to the whiskey that was in the house and of knowledge of that which was on the premises also with reference to the penalty which was fixed at two years above the minimum allowed by law.

A bill of exceptions complains of the argument of counsel for the state as follows:

"Gentlemen, don't you know that if this defendant's testimony was true, that her husband had placed the whiskey in that house, that her husband, although he is a bootlegger, would have had enough manhood to get on the witness stand in her

behalf and tell you that it was his whiskey. He would have done so, even though he knew it would result in his getting another term in the penitentiary himself."

It was in evidence at the time the appellant was tried that her husband had been tried and convicted, and the impropriety of the remarks cannot be doubted. The inference from the record is plain that he was convicted upon practically the same testimony as the that which bore upon the appellant's case, and that he was, therefore, not available to the appellant as a witness. However, as the matter appears in the bill of exceptions, we would not feel warranted in reversing the judgment on account of the argument mentioned.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*