CHARLIE BONEY v. THE STATE.

No. 11651. Delivered April 11, 1928.
Rehearing denied June 20, 1928.

372

The opinion states the case.

*N. C. Walker* of San Saba, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the state.

MARTIN, JUDGE.—Offense, rape; penalty, twenty-five years confinement in the penitentiary.

The alleged injured female was the eleven year old daughter of appellant. The offense is alleged to have happened on the 26th day of September, 1927.

Appellant presents the question by Bill of Exception No. 8 of error on the part of the Court in permitting the State to prove by the witness Otho Wells that on the night of the 18th of June, 1927, when she was staying all night with prosecuting witness at appellant's home that appellant came in the night time and got in bed with her and the prosecuting witness. The Court explains that this was admitted as impeaching evidence of the appellant, he having denied the transaction. The evidence was not admissible by sheer force of the fact that it contradicted appellant. It was admitted upon the wrong theory, but, we think, was in fact admissible because it was an act showing intimacy, familiarity, and association with prosecuting witness falling short of an act of intercourse, which character of testimony has been held to be admissible in cases of this kind. Osborne v. State, 106 Tex. Crim. Rep. 310. Branch's P. C., Subdivision 4, Sec. 1788. Such an act with the little Wells girl by appellant standing alone was, we think, inadmissible either as original or impeaching evidence but it was inseparable from the admissible part, which related to his conduct with prosecuting witness and there was no error in admitting same. This also disposes of appellant's Bill of Exception No. 5 complaining of the action of the Court in compelling appellant to answer whether or not such a transaction happened.

Bills Nos. 2 and 6 relate to a similar act of appellant with the little girl, Glow Whitt, and to conversations by prosecutrix with said witness. These matters were first gone into by appellant in his cross-examination of prosecuting witness, Mozelle Boney, and were substantially testified to on cross-examination of Mozelle. Boney at the instance of appellant. It is a well settled rule in this State that the erroneous admission of testimony is not cause for reversal if the same fact is proven by other testimony not objected to. Rogers v. State, 26 Tex. Crim. App. 404, 9 S. W. 762; Walker v. State, 17 Tex. Crim. App. 16; Johnson v. State (Tex. Crim. App.), 26 S. W. 504; Stephens v. State (Tex. Crim. App.), 26 S. W. 728; Logan v. State, 17 Tex. Crim. App. 50; West v. State, 2 Tex. Crim. App. 460; Carlisle v. State, 37 Tex. Crim. Rep. 108, 38 S. W. 991. See also recent cases of Bonilla v. State, No. 11346, and Bryant v. State, No. 10816, not yet officially reported. The appellant is in no position to complain of the admission of testimony where the record shows that he himself had theretofore brought out on cross-examination testimony of substantially the same character.

Objection was made to the argument of the District Attorney but no objection is shown to have been made at the time of said argument and no written instructions requested to disregard same. We do not regard the language as of that nature about which it could be said that a written instruction from the Court to disregard would not cure and under these circumstances, no error is presented.

The earnest contention is made that the evidence is insufficient. We hardly think the importance of the question justifies a recital of the vulgar and revolting details contained in the record. The prosecuting witness testified to an act of intercourse. She was corroborated in some degree by Dr. Taylor and by two other little girls who had stayed all night with her. If this testimony is to be believed, and we would not feel justified in saying it was unworthy of belief, it shows that a father was guilty of a most abominable and atrocious crime upon his motherless and helpless child. Under their testimony, he has a merciful jury to thank that his penalty was not larger.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We have carefully examined the able motion for rehearing in this case. We do not think the prosecutrix unsupported in her testimony. We would not commit this court to the proposition that it would not sustain a conviction upon the uncorroborated testimony of a twelve year old girl, in a case in which her testimony appeared to be reasonable and was not defeated or seriously impaired in its force by other testimony in the case. We are unable to agree with the contention made by appellant that the testimony of the girl in this case was unreasonable. She testified to several efforts on the part of her father to have carnal intercourse with her, finally attaining success. No reflection is cast upon her by any testimony from any other source than that which might be said to arise from her own examination at the hands of appellant's counsel.

We have weighed the complaint at the reception of the testimony of the other little girls as to the familiarity indulged in by appellant. We think these contentions properly disposed of in our original opinion.

The motion for rehearing will be overruled.

*Overruled.*