RICHARD SPAIN v. THE STATE.

No. 12124.    Delivered February 20, 1929.
Rehearing denied March 27, 1929.

The opinion states the case.

*Tipps, Puckitt & Keller,* of Dallas, for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for manufacturing intoxicating liquor, punishment being one year in the penitentiary.

Two deputy constables went to the home of appellant searching for one Lewis for whom they had a warrant of arrest on a' misdemeanor charge.   After arresting Lewis appellant was observed by the officers going behind a shed or barn.   He was also placed under arrest.   At this point the testimony is confusing.   In one place the officer says that at the time he arrested appellant he (the officer) had no information that a still was in operation on the place except he smelled the odor of mash; in another place he says after appel-

lant was arrested he (the officer) went down the hill to the shed or barn at which time he smelled the mash in the barn and heard the burners of the still in operation. There were no windows or cracks in the barn and the officer could not from the outside see the still in operation; it was only after he opened the door that he could see the still and the whiskey being manufactured. It is urged that such search was illegal and the evidence obtained thereby inadmissible. The officers caused appellant and Lewis to cut the burners off, took a key from appellant with which they locked the barn, after which one of the officers took Lewis and appellant to town and procured an invalid search warrant authorizing the seizure of the still, the other officer in the meantime remaining to keep watch until the return of his brother officer.

Complaint is made at the action of the officers under the search warrant obtained as heretofore related. The warrant recites that it was based upon an affidavit predicated alone on information and belief and therefore its issuance was unauthorized. Chapin v. State, 107 Tex. Cr. R. 477, 296 S. W. 1095; Sutton v. State, 108 Tex. Cr. R. 351, 300 S. W. 639; Steverson v. State, 2 S. W. (2d) 453. We do not discuss further the bill bringing this matter forward as we are of opinion the case turns upon another point.

The written confession of appellant was placed in evidence, to which no objection appears to have been offered and none seems to have been tenable, in which he admitted that he and Lewis jointly owned and operated the still. Appellant also placed his wife upon the witness stand and she testified that appellant was at the time making the whiskey for her. The evidence of the wife, introduced by appellant himself, would render harmless the action of the court in admitting the officers' testimony although the search was unlawful. See McLaughlin v. State, 4 S. W. (2d) 54; Sifuentes v. State, 5 S. W. (2d) 144; Pence v. State, 9 S. W. (2) 348; Sherrow v. State, 9 S. W. (2d) 353; Devers v. State, 9 S. W. (2d) 1040; Hood v. State, 10 S. W. (2d) 94; Ross v. State, 11 S. W. (2d) 516. One of the bills of exception complaining of admitting evidence of the officers as to the result of the search made at the time appellant was arrested and before the search warrant was obtained contains a certificate that "the wife was placed upon the stand by defendant and testified that defendant had the still and was making whiskey at the time." In the other bill relating to the same matter it is certified that "the defendant proved the possession of the still, etc., by the wife of the defendant." These recitals in the bills place

this case squarely within the principle announced in those last cited. Under the circumstances this court would not be authorized to reverse.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The law of this State makes the manufacture of whisky a felony, save in certain excepted instances. Appellant was making whisky on the occasion in question. He had a still in operation in his cow shed a few feet from his house. He was at the shed when the officers came to the place. His wife testified on the trial for the defense that he was making the whisky for her use as medicine. The court told the jury in his charge if they believed this to be true, or had a reasonable doubt thereof, to acquit. There was no other defense. The jury did not accept appellant's theory. Otherwise his guilt was plain. He had a fifty gallon copper still, a coil, two hundred gallons of rye mash, a tank, a burner and one and a half gallons of rye whisky.

On rehearing much complaint is made of the matters originally relied upon and presented. There is nothing new in appellant's argument. Nothing can be sounder than the proposition that the erroneous admission of evidence is harmless, when the same evidence in substance is brought before the jury from other sources without objection. We have written too often upon the subject, and too many cases are cited in the original opinion, to need further discussion. See cases collated sub-div. 32 notes under art. 847, Vernon's Ann. C. C. P. 1925.

The motion for rehearing is overruled.

*Overruled.*