MINNIE BANNISTER v₂ THE STATE.

No. 12038. Delivered February 27, 1929.
Rehearing denied April 3, 1929.

The opinion states the case.

*Wynne & Wynne* of Kaufman, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

We deem it not necessary to discuss the sufficiency of the testimony. Appellant and her husband were found in possession of a house in which were some two hundred bottles of beer, several gallons of whisky, a number of cases of bottles, and bottles and jars in sacks, etc., around over the place. The husband was a cripple confined to his bed and the appellant admitted in her testimony that she had to run the place herself.

The validity of a search made by the officers was attacked by three bills of exception whose complaints we can not uphold. Without dispute it was shown that when the officers knocked upon the door, they were invited by appellant's husband to enter the house. The sheriff testified that he told said husband that he wanted to look the place over for whisky, and that Bannister, the husband, said "All right, go ahead." This witness, as did other State witnesses, testified that no search warrant was then produced or mentioned, but after the search was over and the liquor found, they told the parties that they had a search warrant. The testimony as to permission given by Bannister to the officers to go ahead and search the house, was objected to as being given out of the presence and hearing of this appellant, and not binding on her. This same bill sets out that a further objection was made to the testimony of the officers for the reason that it was not shown that they had any legal search warrant to search the premises. The only purpose or effect of the conversation between Bannister and the officers, thus objected to, was to establish the validity of the search, and we regard said testimony as admissible. Even if appellant was equally in control and management of the premises with her husband, his consent would suffice to make legal a search had thereunder. Pruitt v. State, 109 Texas Crim. Rep. 71; Driskill v. State, 281 Fed. 146; Goldberg v. United States, 297 Fed. 98; Francis v. State, 221 Pac. 785. The right to search being an issue, was sustained by proof of consent given by the husband to same, and the admissibility of the testimony in no way depended upon the presence of appellant at the time of the conversation mentioned. Probable cause would be exceedingly difficult to prove, if the facts and circumstances showing same could only be proved when same took place in the presence of the accused. We are of opinion that none of said bills possess merit.

The offense of possessing liquor for the purpose of sale necessarily must be supported by some testimony from which can arise the reasonable inference of the possession being for the purpose of sale. Such proof may be by circumstances as, for instance, the quantity of liquor had, or the fact of sales, or other circumstances. We think it pertinent to prove as a circumstance in this case that while the officers were searching the house, two men drove up to same in a car, and that appellant's father waved at them and they turned to the well, put water in their car and drove away, going the same road

they came, also that on their car was a Dallas number. A Dallas county car driving up to a Kaufman county house which was full of liquor, upon an undisclosed mission, which the motorists seemed to waive when waved away by appellant's father, and their departure over the same road from which they came, with nothing save a little water in the radiator, was a circumstance to be considered by the jury in determining the purpose for which the liquor was possessed in said house, and proof of the action of these men was in nowise affected by the fact that this appellant did not wave at them and was not informed of their presence.

Under the authorities it seems that when the question at issue is a joint acting together of a husband and his wife in the commission of an offense, proof of the acts and declarations of either,—if part of the res gestae, or made pending a conspiracy, though made by one in the absence of the other,—if in pursuance of the common design, is admissible. Smith v. State, 46 Texas Crim. Rep. 275; Smith v. State, 48 Texas Crim. Rep. 240. So also if the parties are present and acting together, proof of declarations of either made prior to the termination of a conspiracy or to the completion of the offense alleged to have been committed, which shed light on the offense, its motive or intent,—although such declarations are not in furtherance of such conspiracy, and were not made in the actual presence of the defendant on trial, is also admissible. Cox v. State, 8 Texas Crim. App. 254; Blain v. State, 33 Texas Crim. Rep. 247; Baker v. State, 45 Texas Crim. Rep. 392; White v. State, 60 Texas Crim. Rep. 563. So also the authorities hold admissible the acts and declarations of co-conspirators done and made after the commission of the offense, if so closely connected therewith as to be a part of the res gestae. Phelps v. State, 15 Texas Crim. App. 55; Weathersby v. State, 29 Texas Crim. App. 307; Eggleston v. State, 59 Texas Crim. Rep. 551. Under these authorities it was permissible to prove that appellant's husband told the officers at the time of the search that he was buying the whisky for $5.00 per gallon and selling it at $12.50 per gallon, and that he was selling the beer at 25 cents per bottle, and this regardless of the fact that appellant was not shown to be in the room at the time of the conversation. There was at that time on the premises and in the house where this helpless cripple lived with appellant, a tremendous quantity of liquor. Bannister could not handle it, dispose of it, take care of it or him-

self. He could not get off the bed, light a cigarette, get a drink of water, wait on himself or do anything else, but was wholly dependent upon appellant and their children. She was beyond doubt a party to the possession of the liquor. It was not yet disposed of. Bannister's declarations,—either from the standpoint of res gestæ or of a co-conspirator,—were admissible against appellant as bearing on the purpose of their joint possession.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that we were in error in disposing of his complaint at admitting in evidence proof that while the search was in progress two men drove up to the house and that Mr. Hull, appellant's father, waved to them, etc., the objection being that appellant was not shown to have knowledge of such conduct either on the part of the men or her father and hence could not be bound by it. Standing alone the incident seems to the present writer to be of so little probative force that a reversal would not be called for if the court was in error in admitting proof of it. The matter may not have been sufficiently elaborated in the original opinion to make clear the view we intended to express. The record is silent as to whether Mr. Hull was an inmate of the house; if so he could not have been ignorant of the conditions there as described by the officers. Whether or not Hull lived there, it does appear that as the officers approached the house one of them observed:—

"* * * Mr. Hull and Mrs. Bannister on the back porch—they were doing something with some tubs there; washing some bottles or jars or something—they were doing something with some tubs, because they poured it out when they saw us drive up."

The officers found on this back porch some tubs in one of which were the same kind of beer bottles found in the house. From the circumstances stated the conclusion might properly be drawn that Hull was assisting appellant in an unlawful enterprise then being conducted there, and that his act in waving at the two men, was the conduct of a co-principal or co-conspirator pending the conspiracy and incident to the search then in progress. As thus viewed we

think the incident was properly provable; it was the act of Hull in connection with the men driving up that rendered the incident provable, and not the independent act of the men themselves. However, if we be wrong in this view the incident does not appear to demand a reversal.

Believing the other questions to have been properly disposed of in the original opinion we pretermit a further discussion of them.

The motion for rehearing is overruled.

*Overruled.*