### W. H. STOCKTON v. THE STATE.

No. 12274. Delivered March 6, 1929.
Rehearing denied April 10, 1929.

The opinion states the case.

*Jno. M. Cobb* of Houston, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

The house of Mr. Barr was entered by force on October 29, 1927, and a white fox fur taken. About the same date officers searched the house of appellant and found therein said fox fur. Appellant's wife took the stand and testified that the fox fur was found as the officers said, but that she had gotten it lawfully from one Slim Smith. In rebuttal the State proved the finding of other stolen property on the premises. Mrs. Stockton admitted that the officers did find this latter property also, but testified that part of it they knew nothing of, and that a ring found by them on her dresser was brought there by appellant but she did not know where he got it. There are several bills of exception.

We may dispose of all the bills of exception complaining of the testimony of the searching officers, complaint of which is based on the ground that the warrant was lost, and that the warrants were executed by two sets of officers on the same day, etc., etc., by saying that the testimony of appellant's wife that the officers found on said premises the property, the finding of which was testified to by them over objection, would render harmless the defects, if any, of the affidavit, search warrant or the proof of authority in making the

search.   Bonilla v. State, 108 Texas Crim. Rep. 603.   Many other recent cases hold that when there is testimony without objection, of the same import as that obtained as the result of a search with or without a warrant, even though the authorizing papers be defective, this will make of no avail objections based on such defects in said papers.

In one bill there seems complaint that the district attorney while a witness testifying to the loss of the search warrant, referred to it as having been used in evidence in "a previous case."   No mention was made of any previous case against this appellant, and only a strained construction could bring about any possibility of injury in this matter.

Bills of exception Nos. 4 to 8 inclusive are defective in that they set out questions asked witnesses which were objected to, and the objections overruled,—and the bills state that witnesses were permitted to testify,—but in none of the bills is the testimony of any such witnesses set out or stated.   Such bills are uniformly held insufficient.   Willingham v. State, 109 Texas Crim. Rep. 272.   There is an able and ingenious brief on file by appellant, which has received our attention.

Being unable to agree that there appears in this record any error for which the case should be reversed, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In our original opinion we were in error in grouping bill number four with bills 5, 6, 7 and 8.   Bill number four should have been disposed of under the first paragraph of said opinion.

The questions presented appear to have been properly decided.

The motion for rehearing is overruled.

*Overruled.*