MIKE BURDETT v. THE STATE.

No. 13386.   Delivered October 8, 1930.
Rehearing denied November 19, 1930.
Reported in 32 S. W. (2d) 360.

The opinion states the case.

*V. L. Shurtleff* of Breckenridge, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; penalty, confinement in the penitentiary for a period of two years.

A search of the appellant's premises revealed forty-eight gallons of whisky in his garage.   The appellant's wife testified that the search was made at night; that about an hour before the search and in the absence of her husband, a man by the name of Mayfield

appeared. He claimed to be an acquaintance of the appellant and was finally recognized by the witness as such acquaintance. In response to his inquiry, Mayfield was informed that the appellant was away but that she expected him in about an hour. Mayfield said that the springs of his car were broken and that he would like to put some stuff in the garage. The witness told him she had no key, and he told her he would put it in through the window. She consented to this but told him not to break the glass. He returned in a short time and told her that he had put the stuff in the garage, and at that time gave her two pints of whisky, telling her to give it to her husband and wish him a Merry Christmas. She said she did not know what the boxes contained but after receiving the two pints of whisky, she entertained the idea that the boxes put in the garage also contained whisky. The search was made about half an hour after Mayfield had left, and about an hour thereafter the appellant returned. He was arrested and taken to jail. She said that Mayfield returned about one o'clock at night, and when informed what had happened, gave her $100.00 and told her to see Kelley, (the Chief of Police) and the city officers and to "square it" with them. She did see Kelley and some of the city officers and appeared in the city court and paid $200.00 which was in the way of a fine and in order to release her husband from jail.

On cross-examination she was asked by the district attorney if, at the time she appeared in the city court, she did not hear him state to her husband, in the presence of the court, that he would bring the matter before the grand jury and see that an indictment was returned against her husband. She replied:

"I will answer that I thought you said if he don't leave town. I understood you to say, 'If you are here I am going to indict you before the grand jury.'"

She testified that she paid the $200.00 to the city court as a fine; that her husband was supposed to pay $200.00 to the city because he had whisky, and she did pay it.

Against the ruling of the court in receiving the testimony of the wife on cross-examination touching the transaction in the city court there was interposed the objection that it was violative of the statute (Art. 714, C. C. P.), rendering the wife unavailable to the State as a witness upon the trial of her husband. The appellant's position is not deemed tenable. The settlement of the case in the city court could not have had the legal effect of depriving the State of the right to prosecute the accused for a felony. Upon that theory the testi-

mony elicited is not of a nature such as would be material or harmful. However, the appellant having introduced his wife as a witness tendered her also for legitimate cross-examination and the inquiry was apparently germane to the direct examination. Such has been the announcement of this court upon many occasions. A collation of precedents will be found in Vernon's Ann. Tex. C. C. P., Vol. 2, p. 766, where many cases are collated. See Harris v. State, 93 Tex. Cr. R. 544; Soderman v. State, 97 Tex. Cr. R. 23; Gaunce v. State, 97 Tex. Cr. R. 365.

The sufficiency of the search warrant and the admissibility of the evidence obtained through the search is challenged in two bills of exception. The particular criticism of the affidavit and the warrant is not drawn to our attention by brief or otherwise. The appellant having proved by his wife that there was whisky upon his premises, the sufficiency of the search warrant becomes immaterial. Kelsey v. State, 4 S. W. (2d) 548; McLaughlin v. State, 4 S. W. (2d) 54; Stockton v. State, 15 S. W. (2d) 640; Spain v. State, 15 S. W. (2d) 646; Enix v. State, 16 S. W. (2d) 818; Boney v. State, 7 S. W. (2d) 961; Pence v. State, 9 S. W. (2d) 348.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Appellant insists in his motion that the cross-examination of his wife was violative of the rule of our statute forbidding a wife to testify against her husband. Mrs. Burdett testified in chief that she went to the city hall and paid a fine for her husband in order to secure his release from jail, and that later they heard that officers were looking for him, and that they could not believe it after they had paid the fine above referred to. In view of this testimony and in this condition of the record there seems no doubt of the relevance and competence of the question asked Mrs. Burdett on her cross-examination and the answer given by her, which are referred to in the original opinion.

The motion for rehearing will be overruled.

*Overruled.*

HAWKINS, J., absent.