BEN MOTEN v. THE STATE.

No. 14232.   Delivered October 21, 1931.
Rehearing Denied May 4, 1932.
Reported in 49 S. W. (2d) 754.

The opinion states the case.

*Adams & Adams,* of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE. — Conviction is for possessing intoxicating liquor for the purpose of sale; punishment assessed at one year in the penitentiary.

The facts disclose that the sheriff of Houston county, accompanied by his deputy, E. H. Baker, had a warrant for the arrest of a negro by the name of Washington, and had information that he had stayed all night the night before at appellant's house, and that about dusk that evening they went to appellant's house looking for the negro; as they drove up to the house, they saw through a window a negro girl hide some whisky in appellant's house under a bed. They further testified that appellant, Ben Moten, was not there at the house, but that his wife and children were there when they got there. The sheriff further testified that the appellant's wife gave him permission to look for the boy for whom he had a warrant and told him to come on in and look and see if he was there. He testified that when he went in the house he went up to the bed in which he had seen the negro child hide something, and that he found 11 quarts of whisky between the mattresses on the bed; that it was in the room of the appellant; the testimony further showed that a keg was also under the bed in another room of the house and a funnel was also found in the hall, and a dresser with a whisky bottle sitting down by the side of it; that it had whisky in it and there was also a bunch of pint bottles in the house.

Appellant did not testify, but offered a number of witnesses as to his being a peaceable, law-abiding citizen. His wife was also put upon the witness stand by the appellant and she, among other things, denied giving permission to the sheriff to search the house. The question whether she did give the sheriff said permission was submitted to the jury under appropriate instructions, and they found by their verdict that permission was given.

Appellant raises two questions in this case: The right of the sheriff to search the premises, and the admissibility in evidence of the remark of Ben Moten's wife at the time of the finding the whisky by the sheriff.

By bill of exception No. 1, appellant complains of the action of the trial court in allowing the sheriff, J. L. Hazlett, to testify over the objection of the appellant that he made such search of appellant's house and found whisky in his house. The objection was made that the search was

made, and the whisky found, in violation of the constitution and laws of this state because the officers did not have a search warrant for the search of defendant's house and did not have the consent or permission of defendant to search the house.

We do not deem it necessary to enter into a discussion as to whether or not the permission of the wife, in the absence of the appellant did authorize the search of appellant's house by the officers, because in this case the appellant placed his wife on the stand as a witness for him, and she testified substantially to the same facts as did the officer making the search as to the finding of the whisky and other things in appellant's room and house.

The appellant having proven by his wife that there was whisky upon his premises in accordance with the testimony of the officers searching, the accused cannot claim to have been injured by the testimony objected to, even if such testimony was improperly admitted. Burdett v. State, 116 Texas Crim. Rep., 264, 32 S. W. (2d) 360; Kelsey v. State, 109 Texas Crim. Rep., 275, 4 S. W. (2d) 548; McLaughlin v. State, 109 Texas Crim. Rep., 307, 4 S. W. (2d) 54; Stockton v. State, 112 Texas Crim. Rep., 188, 15 S. W. (2d) 640; Spain v. State, 111 Texas Crim. Rep., 552, 15 S. W. (2d) 646; Boney v. State, 110 Texas Crim. Rep., 371, 7 S. W. (2d) 961; Pence v. State, 110 Texas Crim. Rep., 378, 9 S. W. (2d) 348. This disposes of appellant's bills of exception Nos. 1 and 6.

Bills of exception 2, 3, 4 and 5 complain of the action of the trial court in permitting the prosecuting attorney to ask the wife of the appellant on cross-examination, while she was testifying as a witness in his behalf, if after the sheriff had found the whisky in appellant's house, she did not cry and tell the sheriff that that was the only way they had of making a living. The bill further shows that in reply to such questions she said she did not know anything about it, and did not remember telling the sheriff that. Appellant objected to this question because it had been shown by the evidence that he was not present at the time of the search and that if she made such a statement to the sheriff it was made in the absence of appellant and was hearsay and, if made, was an expression and opinion by her.

Appellant also complains of the action of the trial court in permitting the state to prove by the sheriff and the deputy sheriff, over the objection of the defendant, that after the search was made and the whisky had been found between the mattresss on defendant's bed, the witness heard the defendant's wife crying and say that that was the only way they had of making a living, because it was an expression and opinion by her made in the absence of the defendant and was hearsay as to defendant and was on a matter not brought out by the defendant in this case, and because such

evidence was in effect using and forcing the wife of the defendant to testify as a witness against him.

Appellant's wife denied making any such statement and it is difficult for us to see how she was thereby forced to render any testimony against her husband. She had been placed upon the stand by appellant and this statement was in direct contradiction to her statement on direct examination that she had not previously known anything about the whisky bottles or keg being there. It has been held that where a wife is placed upon the stand to testify to certain parts of a transaction, the state is entitled to develop the remainder of the transaction. In Mitchell v. State, 77 Texas Crim. Rep., 404, 179 S. W., 116, the wife testified to the adulterous relations, and it was held that the state was properly permitted on cross-examination to develop her contradictory statement made to the county attorney immediately after the homicide. See, also, Boaz v. State, 89 Texas Crim. Rep., 515, 231 S. W., 790; Marsh v. State, 54 Texas Crim. Rep., 144, 112 S. W., 320. It has long been a rule of law that the wife could be cross-examined as to all matters germane and pertinent to her direct testimony. Certainly the remark made in the presence of the sheriff showing as it does, if true, her knowledge of the use and presence of the whisky and confirmed by the physical fact could be taken as directly contradictory of the testimony that she did not know the whisky was in the house. See Greenwood v. State, 35 Texas, 587; Houseton v. State, 83 Texas Crim. Rep., 453, 204 S. W., 1007.

Under the state's evidence, appellant's wife was shown to have been at least equally in possession of the whisky as the appellant. Under the authorities, it seems to be well settled that where the question at issue is a joint acting together of a husband and wife in the commission of an offense, proof of the acts and declarations of either, if part of the res gestae, though made by one in the absence of another, if in pursuance of the common design, is admissible. See Bannister v. State, 112 Texas Crim. Rep., 158, 15 S. W. (2d) 629; Smith v. State, 46 Texas Crim. Rep., 267, 81 S. W., 936, 108 Am. St. Rep., 991.

In our opinion, this case is distinguished from that line of cases where it is held that it is a violation of the statutes to interrogate and contradict the wife as to expressions made by her contrary to her testimony on the trial of the case under certain circumstances. As we understand the effect of those opinions, they hold that said evidence is not admissible where it forms no part of the transaction or where it did not relate to the immediate transaction, but was wholly related to another transaction and was not receivable for the purpose of impeachment. We conclude that the evidence under the facts and circumstances in this case was admissible.

Appellant's bill of exception No. 7 is taken to the trial court's action in overruling defendant's motion for a new trial and presents nothing that is not covered by his other bills of exception.

Appellant also complains of the insufficiency of the evidence to show possession of the intoxicating liquor for the purpose of sale. The evidence showed that eleven quarts of whisky were found in appellant's bed, with a number of empty half-pint bottles at the foot, a funnel and a keg containing the odor of whisky in an adjoining room. In the case of Rousey v. State, 110 Texas Crim. Rep., 33, 7 S. W., 557, 558, this court, speaking through Judge Lattimore, said: "We deem it in line with the issues in this case to observe that, if one be found in possession of more than a quart of intoxicating liquor, whether the same be in his home or his private office, or elsewhere in his possession, this would be deemed prima facie evidence of guilt of the illegal possession of such liquor; the fact of such possession is made by statute prima facie proof of his possession of same for the illegal purpose of sale; and, in the absence of the introduction of any evidence by the accused, or of other facts showing that his possession thereof was not for the purpose of sale, this court would sustain a conviction for such illegal possession."

In this case, the sole defense was that the whisky found in appellant's house was there without the knowledge or consent of both appellant and his wife and no attempt is made to show, nor is there evidence from any source, how it got there or for what purpose it was being used or possessed. We believe that the evidence is sufficient to support the conviction.

No reversible error appearing, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We find it unnecessary to write upon the question as to whether evidence discovered by reason of a search made with the wife's consent is receivable against the husband. To our minds, the case turns upon other points.

The officers were properly permitted to detail what was found in the search of appellant's house on the ground that a felony was being committed in their view. They were lawfully at the house in search of a party for whom they held a warrant of arrest, and who, according to their information, had spent the preceding night at appellant's house. While legally there for the purpose mentioned the officers, through a window, saw a small girl hiding the whisky under the bed. Upon that ground the search was justified. Banks v. State, 112 Texas Crim. Rep., 119, 14 S. W. (2d) 280; which cites many cases; Hayes v. State, 115 Texas Crim. Rep., 644, 28 S. W. (2d) 556; Clark v. State, 117 Texas

Crim. Rep., 153, 35 S. W. (2d) 420. The latest case is Taylor v. State, 120 Texas Crim. Rep., 268, 49 S. W. (2d) 459, opinion handed down April 27, 1932.

We discover no impropriety in permitting the officers' testimony as to certain statements made by appellant's wife at the time of the search. They were directly impeaching of the evidence given by her on the trial. What she said to the officers, of course, could not be properly used as original evidence against appellant, and if the court's attention had been called to it he would doubtless have properly limited it to impeachment purposes. We cannot regard the failure to instruct the jury regarding the use of such evidence as fundamental error calling for reversal.

*Overruled.*