C. S. COLVIN v. THE STATE.

No. 14475. Delivered November 13, 1931.
Rehearing Denied December 16, 1931.

The opinion states the case.

*Ratliff & Stewart,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for transporting intoxicating liquor. The punishment, confinement in the penitentiary for three years.

The attention of the peace officer was attracted to appellant's automobile which he was driving. They followed it and saw the wife of the appellant, who was riding in the car, throw two one-half gallons of whisky out of the car. Later, a search of appellant's house was made and eight gallons of whisky was found therein.

The appellant did not testify. He offered his wife as a witness who testified that the whisky being transported at the time, as well as that found in the house, was used and had by her for medicinal purposes. The wife admitted the transportation of the whisky and admitted that it was being transported in the automobile of the appellant which he was driving at the time.

The only issue submitted to the jury under the indictment was that of transporting the whisky, and the jury were instructed that if they believed that the liquor transported by appellant was for medicinal purposes and used as a medicine by the wife of the appellant for the relief of rheumatism, as testified to by her, or if they had a reasonable doubt that such was his purpose in transporting such liquor, then they would acquit the appellant.

Only two bills of exception appear in the record. Bill No. 1 complains of the receipt in evidence of the result of the search of the premises because of the insufficiency of the affidavit for said search warrant.

We do not deem it necessary to discuss as to whether or not the affidavit of the search warrant was sufficient to justify the search of appellant's premises by the officers, because in this case the appellant placed his wife on the stand as a witness for him and she testifies substantially to the same effect as did the officers making the search as to the finding of the whisky and other things in appellant's house. The appellant having proven by his wife that there was whisky on his premises in accordance with the testimony of the officers cannot claim to have been injured by the testimony objected to even if such testimony was improperly admitted. Burdett v. State, 116 Texas Crim. Rep., 264, 32 S. W. (2d) 360; Kelsey v. State, 109 Texas Crim. Rep., 275, 4 S. W. (2d) 548; Stockton v. State, 112 Texas Crim. Rep., 188, 15 S. W. (2d) 640; Spain v. State, 111 Texas Crim. Rep., 552, 15 S. W. (2d) 646.

By bill of exception No. 2, appellant complains of the action of the trial court in permitting the state to prove by the sheriff over the objection of the defendant that while he was following Colvin, the appellant, that he saw appellant's wife throw two one-half gallons of whisky out of said car, as not being binding on the defendant and an independent act of his wife. Appellant's wife placed upon the stand as a witness for the appellant testified without objection that when she saw the officers following the car that she did throw the liquor out of the car. Under the state's evidence, appellant's wife was shown to have been at least equally in possession of the whisky as the appellant. Under the authorities, it seems to be well settled where the question at issue is a joint action together of husband and wife in the commission of an offense, proof of the acts and declarations of either is part of the res gestae and is admissible. This act on the part of the wife was clearly part of the res gestae. See Bannister v. State, 112 Texas Crim. Rep., 158, 15 S. W. (2d) 629; Smith v. State, 46 Texas Crim. Rep., 267, 81 S. W., 936.

We believe that the evidence is sufficient to support the conviction.

No reversible error appearing, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant sets out at length in his motion for rehearing the testimony of his wife in order to show, apparently, the incorrectness of a statement in our original opinion to the effect that said wife gave testimony that the whisky found in their possession was had for medicinal purposes. The complaint would seem immaterial, and the statement was inserted as a favorable proposition to appellant. The

officers found sixteen jars of whisky in appellant's house, and we find the following in the testimony of said wife: "I had it for my own use. I use it externally for rheumatism. I have a rheumatic affliction, and have had it for several years. I use it as a rub. * * * I only drink a little liquor for rheumatism. We had the liquor with us in case I had an attack." This is quoted merely to justify the statement in our former opinion.

Complaint is renewed at the reception of testimony found by means of the search. We see no reason for changing our conclusion as announced. Appellant's wife gave the same testimony, as to the finding of the liquor, as that given by the officers.

The motion for rehearing will be overruled.

*Overruled.*