JOHN DAVIS V. THE STATE.

No. 15367.    Delivered November 2, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 850.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Possession of intoxicating liquor for the purpose of sale is the offense; the punishment assessed at two years in the penitentiary.

Peace officers secured a search warrant and searched the residence of the appellant. The witness Wesley Taylor, sheriff of Wood county, testified that he made a search of the premises of appellant on or about June 19, 1931, and at the time he made the search he had a search warrant. At the time he made the search a Mr. Douglas and Floyd Pope were with him; one was his deputy and the other was a constable. In a closet of appellant's house in a grip or hand bag they found four half-gallons of whisky.

The defendant did not testify, but placed his wife upon the stand, among other witnesses, and she testified that she remembered the occasion when the officers searched the house and found the whisky in a grip. She further testified that one Jack Boyd put the hand bag there, and she did not know what was in it at the time; that he had been sleeping in said room and staying in the house for about a month and had been using the closet in his room; that up to the time the search was made she did not know what was in the grip. She further testified that Jack Boyd stated to her while he was staying at the house that he was waiting for his papers to go to the penitentiary; that he was now in the penitentiary; that he was just staying at their house, as he had no other place to stay.

Several other witnesses testified that the handbag was brought to said house by the said Jack Boyd.

There are two bills of exception in the record complaining of the introduction of the evidence showing the search and what was found by virtue thereof on account of claimed defects in the affidavit for the search warrant. We do not deem it necessary to discuss as to whether or not the affidavit for the search warrant is sufficient to justify the search of appellant's premises by the officers, because in this case the appellant placed his wife on the stand as a witness for him and she testified substantially to the same effect as did the officers making the search as to the finding of the whisky in appellant's house. The appellant having proven by his wife that there was whisky on his premises in accordance with the testimony of the officers, he cannot claim to have been injured by the testimony objected to, even if such testimony was improperly admitted. Burdett v. State, 116 Texas Crim. Rep., 264, 32 S. W. (2d) 360; Kelsey v. State, 109 Texas Crim. Rep., 275, 4 S. W. (2d) 548; Stockton v. State, 112 Texas Crim. Rep., 188, 15 S. W. (2d) 640; Spain v. State, 111 Texas Crim. Rep., 552, 15 S. W. (2d) 646.

Bill of exception No. 3 complains that while the defendant's

wife was testifying in his behalf and after she had testified that Jack Boyd had been staying at her house for some days prior to June 19, 1931, and she had seen him bring to her home the grip in which the four half-gallon jars of whisky were found by the sheriff, and had testified that the grip belonged to Jack Boyd and not to the defendant or anyone of his family, and that she had had a conversation with Boyd at the time he left the grip in her home, she was then asked by appellant's counsel, "Did Jack Boyd tell you what was in his handbag?" To which question the district attorney objected, and said objection was sustained by the court. The bill further shows that if said witness had been permitted to answer said question she would have testified that said Jack Boyd told her that he had his clothes in said grip. There is nothing pointed out or shown in the bill of exception as to how this testimony would have been material on the issue in the case. It was not shown in said bill that the appellant was present at the time of said conversation or that said statement as to what Boyd had told the witness was ever communicated to the appellant.

"A bill of exception taken to the exclusion of evidence should disclose the relevancy and materiality of the proposed evidence. Inferences will not be indulged to explain the omission of such essentials." Branch's Ann. P. C., sec. 212; Walker v. State, 9 Texas App., 200; Davis v. State, 14 Texas App., 645; Brown v. State, 43 Texas Crim. Rep., 293, 65 S. W., 529; Roberts v. State, 64 Texas Crim. Rep., 135, 141 S. W., 235.

By bill of exception No. 5 appellant complains of the district attorney, in making his closing argument to the jury, using the following language: "This man is as guilty a man as I have ever tried." The qualification of the judge to this bill shows that upon exception to said argument, the exception was sustained, and upon a written request of defendant's counsel the trial judge instructed the jury in writing not to consider said remarks of the district attorney.

Bill of exception No. 6 also complains of the remarks of the district attorney in his closing argument to the jury to the following effect: "This defendant was. in 1932 as much of a traitor to his country as was Benedict Arnold in his day and time." The bill of exception shows that when appellant's counsel excepted to said argument, the exception was sustained, and the court also gave the appellant's special charge in writing instructing the jury not to consider said remark.

There is nothing in either one of the bills which shows the connection in which these arguments were made. Under the

record as it appears, we cannot say that the matters complained of were of that character which were clearly calculated to prejudice the rights of the appellant or to prejudice him in the eyes of the jury. "If improper remarks of counsel are by the court withdrawn and the jury instructed not to consider them, ordinarily the injury, if any, has been cured." Branch Ann. P. C., sec. 362; Miller v. State, 27 Texas App., 63; Leech v. State, 63 Texas Crim. Rep., 339, 139 S. W., 1153.

We note that the verdict of the jury finding the appellant guilty assessed his punishment at two years in the penitentiary and the sentence fixed his punishment at confinement in the penitentiary for a straight term of two years. The sentence will therefore be reformed so as to assess appellant's punishment at confinement in the penitentiary for an indeterminate period of not less than one year nor more than two years, and as so reformed, no reversible error appearing, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Objections to testimony of what was found by officers upon a search, made upon questionable authority, such as a defective affidavit, would be of no avail to the accused when the same evidence, in substance, is properly before the jury from some other source. Stone v. State, 113 Texas Crim. Rep., 371, and authorities cited.

Without debating the sufficiency of the affidavit, we observe that the sheriff testified that his search of appellant's house resulted in finding four half gallons of whisky in a black suit-case or hand bag in a closet. Appellants' wife testified for the defense that she was present when the officers found the whisky in the hand bag in the closet mentioned. The above case and those therein cited and many others are pointedly decisive against appellant's contention. The Kelsey case, 109 Texas Crim. Rep., 275, 4 S. W. (2d) 548, does not hold otherwise. In that case there was a defective affidavit. The searching officer testified to finding two batches of whisky; one in the house, the other in the yard. The wife of the accused swore to being present at the finding of the whisky in the house, but knew nothing of the finding of the whisky in the yard. The jury in that case may have based their verdict on the testimony of the finding of the

whisky in the yard, relative to which the wife gave no testimony, and in support of the finding of which the state had only the testimony of the officer as to the search made by him under a defective warrant. The error of the admission of testimony of the finding of whisky in the house was cured by the testimony of the wife; not so as to the whisky found in the yard.

We see nothing calling for discussion of the other two points made in appellant's motion. The evidence supported the judgment, and the court correctly rejected the testimony of the wife of appellant as to what Jack Boyd told her he had in his grip.

The motion for rehearing will be overruled.

*Overruled.*